[No. 622. October 12, 1895.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. SUSANO ORTIZ, APPELLANT.

CRIMINAL LAW—TRIAL BY JURY—CONSTITUTIONAL LAW.—The common law jury of twelve men is the jury provided by article 6 of the amendments to the constitution of the United States, guaranteeing to the accused, in all criminal prosecutions, the right to a "speedy, public, trial by an impartial jury;" and a jury consisting of any less than this number is not a common law jury or such as is contemplated by the constitution.

ID.—FELONY—WAIVER OF RIGHT TO TRIAL BY COMMON LAW JURY.—The accused in a felony case can not waive his constitutional right to a trial by common law jury of twelve men, and a verdict by a jury of less than that number will be set aside. Cooley, Const. Lim. 319.

APPEAL, from the First Judicial District Court, Santa Fe County, convicting defendant of a felony. Reversed and remanded; SMITH, C. J., dissenting.

The facts are stated in the opinion of the court.

CATRON & SPIESS for appellant.

The organic act of the territory provides that no person shall be deprived of the right to trial by jury in cases cognizable at common law.    Act 1850, sec. 19.

The constitution of the United States guarantees to the accused, in all criminal prosecutions, the right to a "speedy, public trial by an impartial jury," etc. Const. U. S., art. 6.   It also declares that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person the equal protection of the laws."   Const. U. S., art. 14.

"The constitution and all the laws of the United States which are not locally inapplicable shall have the same force and effect within all the organized territories and in every territory hereafter organized, as elsewhere within the United States."   Rev. Stats. U. S., sec. 1891.

That the term "jury" mentioned in the organic act and the constitution refers to and is understood to contemplate a jury as constituted at common law, can not be controverted.   Cancemi v. People, 18 N. Y. 128; State v. Cox, 8 Ark. 436; Work v. State, 2 Ohio St. 296; Brazier v. State, 44 Ala. 387; Cruger v. R. R., 12 N. Y. 190.

It is clear that a legally constituted petit jury, according to the common law, consisted of neither more nor less than twelve men.   2 Hale, P. C. 161; Bac. Abr. "Juries."

Upon the trial of an indictment for a capital offense or felony, the requirement of the law, that the jury must consist of twelve men, is imperative, and this requirement can not be waived by the defendant. Mansfield v. State, 41 Mo. 471; Cancemi v. People, 18 N. Y. 128; 7 Am. Law Reg. 289; Hill v. People, 16 Mich. 351; People v. O'Neil, 48 Cal. 257.   See, also, Brown v. State, 8 Blackf. 561; Jackson v. State, 6 Id.

461; Madusha v. Thomas, 6 Kan. 153; Brown v. State, 16 Ind. 496; Allen v. State, 54 Id. 461; Com. v. Shaw, 7 Am. Law Reg. 289; Dixon v. Richards, 2 How. (Miss.) 771; Ayers v. Barr, 5 J. J. Marsh, 286; Oldham v. Hill, Id. 300; State v. Van Matre, 49 Mo. 268; State v. Meyers, 68 Id. 266; State v. McClear, 11 Nev. 41; Bell v. State, 44 Ala. 393; Williams v. State, 12 Ohio St. 622.

JOHN P. VICTORY, solicitor general, for territory.

The evidence of the earmarks of Tomas C. de Baca was clearly admissible under the evidence of Andres C. de Baca. It was relevant as bearing on the identity of the animals, if for no other reason, and the most that can be urged against it is that it was immaterial. Chavez v. Territory, 6 N. M. 455.

The allegation that the court erred in permitting the territory to endeavor to prove ownership in the Rael and Baca evidence by earmarks not recorded in Santa Fe county fails to point out the particular evidence objected to on this ground, nor does it show that any objection was made to the evidence when offered. Territory v. Anderson, 4 N. M. (Gil.) 213; Territory v. Hicks, 6 Id. 596. The facts of this case are similar to those in Territory v. Ortiz, number 621, and the law governing the same having been already discussed in that case, it is unnecessary to reiterate here a subject already gone over.

BANTZ, J.—The defendant was indicted, tried, and convicted for a statutory felony, and was sentenced to a term of three years' imprisonment in the penitentiary, and to pay a fine of $1,000, and costs. The error assigned is based upon the following recital in the record: "The regular panel of the jury having been exhausted, and only eleven qualified jurors secured for the trial of this cause, by agreement of said parties, by their re-

spective attorneys this cause is tried before said eleven jurors." It is claimed that a judgment based upon the verdict of eleven jurors, in a felony case, must be reversed.

The constitution of the United States, by article 6 of the amendments, provides that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy, public, trial by an impartial jury." By section 1891 of the Revised Statutes, congress has declared that "the constitution and laws of the United States which are not locally inapplicable shall have the same force and effect within all the organized territories and in every territory hereafter organized, as elsewhere within the United States." The jury provided for by the constitution is the jury known to and recognized by the common law, and is a body consisting of neither more nor less than twelve men. 2 Hale, P. C. 161; Bac. Abr. "Juries," A. Any less than this number would not be a common law jury, and not such as the constitution guarantees to accused parties. Cancemi v. People, 18 N. Y. 128.

*TRIAL by jury: constitutional law.*

But it is urged that the defendant, by his attorney, consented, in open court, to go to trial with a jury consisting of eleven, and that he thereby waived the constitutional right to a common law jury. The authorities differ as to whether the consent of the defendant to a trial by a jury of less than twelve will preclude him from objecting to the verdict, in felony cases. In State v. Kaufman, 51 Iowa, 581; State v. Grossheim, 75 Iowa, 75, 44 N. W. Rep. 541; State v. Sacket, 38 N. W. Rep. (Minn.) 773,—it is held that defendant may thus waive his right to a jury of twelve, even in felony cases. But we think the weight of authority holds to the view that in felony cases the constitutional right to a trial by a common law jury of twelve can not be

*FELONY: waiver of right to trial by common law jury.*

waived, and a verdict by a jury of less than that number must be set aside. Cancemi v. People, 18 N. Y. 128; State v. Cox, 8 Ark. 436; Work v. State, 2 Ohio St. 296; Brazier v. State, 44 Ala. 387; Mansfield v. State, 41 Mo. 471; Hill v. People, 16 Mich. 351; People v. O'Neil, 48 Cal. 257; Brown v. State, 16 Ind. 496; Allen v. State, 54 Ind. 461; State v. Van Matre, 49 Mo. 268; State v. Meyers, 68 Mo. 266; State v. Mc-Clear, 11 Nev. 41; Williams v. State, 12 Ohio St. 622; Murphy v. Com., 1 Metc. (Ky.) 365; Tyra v. Com., 2 Metc. (Ky.) 1; Opinion of Justices, 41 N. H. 550; Dowling's case, 13 Miss. 664; State v. Everett, 14 Minn. 447. "The infirmity, in case of a trial by jury of less than twelve by consent, would be that the tribunal would be one unknown to the law, created by mere voluntary act of the parties; and it would, in effect, be an attempt to submit to a species of arbitration the question as to whether the accused has been guilty of an offense against the state." Cooley, Const. Lim. 319. It has been urged in the brief of the learned solicitor general for the territory that the constitutional protection extends, not merely to a trial by jury, but also to a speedy trial by an impartial jury, and that, as the defendant may waive a speedy trial, and as he waives his right to object to a juror for partiality or bias by failing to challenge him, so, with equal reason, he can waive a constitutional right to a jury as constituted at common law, composed of twelve men. But the reasoning is more plausible than sound. If a prisoner is not given a speedy trial, he will be entitled to his discharge, unless the delay happen on his application or by his consent. The provision intended for the benefit of the accused does not bind him to speed the trial, as it does the prosecution. The question of the partiality of a juror is one largely of fact, determined upon by the exercise of discriminating judgment under all circumstances; and hence, until the prisoner

declares his judgment by electing to challenge, he is to be presumed to have considered the juror as unobjectionable. On the other hand, when a prisoner denies his guilt, then, before punishment can be adjudged and inflicted, he must be given a trial before a tribunal known to the law,—one having the power to declare his guilt, and on whose judgment alone punishment can be pronounced and inflicted. That tribunal can not be created by consent of the parties, in case of a felony. The guilt of the defendant not having been determined in this case by a tribunal known to the law, the judgment and sentence of the district court are reversed, and the cause is remanded for trial.

COLLIER and HAMILTON, JJ., concur; SMITH, C. J., dissents.