123 P.2d 387

### STATE v. HERNANDEZ.

No. 4666.

Supreme Court of New Mexico.

March 9, 1942.

Robert Hoath LaFollette, of Albuquerque, for appellant.

Edward P. Chase, Atty. Gen., and Howard F. Houk, Asst. Atty. Gen., for appellee.

SADLER, Justice.

The defendant was convicted of a felony, given a suspended sentence of one year in the penitentiary, and he appeals. There is a single claim of error. It is that he was powerless, even though the court and the state consented, as both did, to waive jury trial and to submit the question of his guilt or innocence to the determination of the court alone.

It may seem strange that having waived formally jury trial under the conditions named, he now, following conviction, should be before this court challenging as error that which admittedly could not properly have taken place without his prior consent thereto. The answer is that defendant's attorney consented for him under an impression, entertained at the time, that the defendant in a felony case could waive jury trial. Upon learning later, but prior to sentence, of the respectable authority to the contrary, with the consent of the court and of the district attorney, defendant's attorney was permitted to raise the question.

This he did by requested findings and conclusions; later, also, by motion to set aside the court's findings and to vacate the judgment or sentence. In all these he was overruled. No implication of improper conduct should be imputed to the attorney in thus raising the question, notwithstanding the prior waiver.

The pertinent constitutional provisions are quoted as follows:

"The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate." N.M.Const. Art. 2, § 12.

"In all criminal prosecutions, the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." N.M. Const. Art. 2, § 14.

A statutory provision also should be considered as having some bearing on the question. It reads as copied from 1929 Comp. as follows: "105-2203. No person indicted for an offense shall be convicted thereof, unless by confession of his guilt in open court, or by the verdict of a jury accepted and recorded by the court."

The question raised is one of great importance in the field of criminal law enforcement. The right of an accused to a trial by jury is deeply imbedded in our jurisprudence and is not to be lightly held the subject of waiver. But if the right to it be merely a privilege, albeit a high one, and such privilege may be waived without

weakening or undermining the right, then it is the accused's, to enjoy or not as he may elect.

The defendant is peculiarly fortunate in being able to cite a decision of the territorial supreme court directly in point sustaining his position. Territory v. Ortiz, 8 N.M. 154, 155, 42 P. 87. In this case the regular panel of the jury having become exhausted with only eleven jurors in the box, the defendant consented to a trial before the jury thus constituted and was convicted of a felony. Of course, if he could consent to be tried before a jury of eleven, he could waive the jury altogether and go to trial before the court. If this case is to be followed, then the judgment must be reversed and a new trial awarded.

■ The right of an accused to waive a jury in the trial of petty offenses and misdemeanors has the support of the best reasoned decisions, and they represent the weight of authority. 16 R.C.L. 219, § 36; Case note 48 A.L.R. 767. As respects felonies, however, the weight of authority has been, perhaps, the other way. At least the territorial supreme court thought so in 1895 when it decided Territory v. Ortiz, supra. It was there held, as already indicated, that a defendant could not waive his right to a jury trial upon entering a plea of not guilty to a felony charge. Of course, New Mexico was then a territory in which decisions of the United States Supreme Court were absolutely controlling on all questions. There had been then no decision of the question at bar by that court, either as respects misdemeanors or felonies. Only a few years after the decision in the Ortiz case, however, in Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. ·99, 1 Ann.Cas. 585, that court held that a person proceeded against by information in the federal court for a petty offense might waive the jury to which he was entitled by U.S.Const., Art. 3, § 2, cl. 3. As to when an offense is to be deemed petty, see District of Columbia v. Clawans, 299 U.S. 524, 57 S.Ct. 14, 81 L.Ed. 386. The Schick case still left as an open question that court's view as to an accused's right to waive jury trial in felony prosecutions.

The matter was finally put at rest in the case of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A. L.R. 263, in an able and extended opinion written by Mr. Justice Sutherland. The right to waive a jury even in the case of felonies is sustained. The argument often advanced that public policy forbids such waiver is exploded. The anomaly of permitting a defendant to plead guilty and thus dispense with a trial altogether and of denying him the right under a plea of not guilty to waive a jury and submit to trial before the court is banished.

Had the Patton decision preceded the Ortiz case before our territorial court, the right to waive jury even in the trial of a felony would not have been denied. The right of waiver with the safeguards thrown around its exercise in felony cases, as outlined in the concluding paragraph of the opinion in the Patton case, would seem

more consonant with reason, justice and the orderly dispatch of judicial business than the conclusion reached in the Ortiz case.

Our territorial court in that case rested its decision primarily on the assumption that in the trial of criminal cases, the jury is an integral part of the court as a tribunal and that a defendant can no more waive the jury than he can the judge. This view supports perhaps the greater number of the decisions denying the power of a defendant to waive, typical of which is Cancemi v. People, 18 N.Y. 128. And, yet, some of the courts which deny on this ground the power of a defendant to waive jury in a felony case, uphold the right to waive in trial of a misdemeanor. The contention that the jury is a part of the court viewed as a tribunal is so completely met and overcome by the opinion in the Patton case, that we make no attempt to enlarge upon it here. Suffice it to say that we fully agree with it.

The same may be said as to the effect of our statute quoted supra, § 105-2203. In the Patton case, too, the court had before it for consideration an act of Congress somewhat similar to this statute of ours. Since 1789 there had been in force in substantially its present form, 28 U.S.C.A. § 770, providing that in "the trial of issues of fact * * * in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury". The language of this congressional act is no less mandatory in form than our § 105-2203, enacted in 1853, but the court points out in the Patton case that it has never been deemed of that character. If to be so construed the parties to common-law actions would be powerless to submit to trial before the court without a jury. Decisions from other states sustaining the right of waiver in the face of statutes similar in import to our § 105-2203, are State v. Kaufman, 51 Iowa 578, 2 N.W. 275, 33 Am.Rep. 148, and State v. Sackett, 39 Minn. 69, 38 N.W. 773. See, also, Zellers v. State, 138 Fla. 158, 189 So. 236, on the question of waiver of jury trial in felony cases. The supreme court of Washington in the somewhat recent case of State v. Karsunky, 197 Wash. 87, 84 P.2d 390, held that a statute like our § 105-2203 was sufficient to deny the right of waiver. It cites no authority for its decision other than the statute itself and remarks that the appellant cites none. Apparently, the case of Patton v. United States was not called to the court's attention for it is not cited. We are better satisfied with the reasoning of the Patton, Kaufman and Sackett cases and decline to follow the Karsunky case.

For complete annotations of the subject, see 48 A.L.R. 767, as supplemented in 58 A.L.R. 1031, 70 A.L.R. 279, and 105 A.L.R. 1114.

It follows from the views already expressed that the decision in Territory v. Ortiz, 8 N.M. 154, 155, 42 P. 87, no longer represents the views of this court on the question decided. Accordingly, it is over-

ruled. The judgment appealed from will be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.