328 P.2d 593

**CITY OF ALBUQUERQUE, Plaintiff-Appellee,**

**v.**

**Polo ARIAS, Defendant-Appellant.**

**No. 6394.**

Supreme Court of New Mexico.

July 31, 1958

T. B. Keleher, Russell Moore, Albuquerque, for appellant.

Frank L. Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., Thomas N. Keltner, Albuquerque, for appellee.

McGHEE, Justice.

338

In this case the appellant was convicted for driving an automobile while under the influence of intoxicating liquor and for reckless driving, both offenses prohibited by ordinance No. 685 of the City of Albuquerque and was fined for each offense.

The first ground urged for reversal is that when he was tried on appeal from the Police Court the District Judge denied his request for a jury trial.

Appellant contends that driving while intoxicated is not a petty offense now that the Motor Vehicle Commissioner may revoke his driver's license for one year in addition to the penalty that may be assessed against him. These points were fully considered in City of Tucumcari v. Briscoe, 1954, 58 N.M. 721, 275 P.2d 958, where it was held a party charged with such offense was not entitled to a jury trial. We are well satisfied with the decision in that case and decline to overrule it.

The appellant cites and gives a short quotation from District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L. Ed. 843, but when that case is read in its entirety it is, as we view it, against the contentions here made by him.

He also relies upon the recent Colorado case of City of Canon City v. Morris, Colo., 323 P.2d 614, where the Supreme Court of that state reversed its former holding on the right of trial by jury for violation of a municipal ordinance prohibiting drunken driving on its streets, and held a person so charged was entitled to a jury trial. We decline to reverse our former holdings and follow that case.

The additional point is made that the evidence was not sufficient to sustain the conviction, but with this contention we can not agree.

The testimony of the arresting officer was in part that the arrest was made shortly before 11 p. m.; that his attention was first drawn to the appellant's vehicle when it ran a red light at a street intersection and in so doing nearly caused an accident when two vehicles coming across the path of his vehicle with a green light were forced to jam on their brakes and swerve to avoid a collision with the appellant's vehicle which then came to a stop in the middle of the intersection. The officer then asked the appellant for his driver's license and noticed a strong odor of alcohol emerging from the window; the appellant got his billfold out and seemed to have a great deal of difficulty in getting the license out of it, fumbling with the papers therein and dropping some of them in his lap and on the floor of his car. The appellant was then asked to get out of his car and at about that time the car started to roll back slightly and the officer asked him to apply his emergency brake. The appellant pulled the brake back three or four

times and then released it again and again before he finally got it set. He then clumsily stepped out of the car. The officer testified he could smell the appellant's breath and that it had a strong odor of alcohol. Also the officer testified the appellant's pants were disarranged and that he was having difficulty in maintaining his balance and in walking. There was other testimony by the officer indicating intoxication on the part of the appellant, but the above is surely sufficient to support a conviction.

It is true the appellant denied he was intoxicated, saying he had only had three bottles of beer during the evening. Several witnesses who had been with him during the evening corroborated his testimony that he had only had beer to drink, and that, in their opinion, he was not under the influence of liquor.

The credibility of the witnesses and the weight to be given their testimony was a matter for the trial court, and we see no reason to disturb his decision.

The judgment will be affirmed, and it is so ordered.

SADLER, COMPTON and SHILLINGLAW, JJ., concur.

LUJAN, C. J., not participating.