340 P.2d 407

Omie HAMILTON, Relator,

v.

Allan D. WALKER, District Judge of the Third Judicial District, State of New Mexico, Respondent.

No. 6544.

Supreme Court of New Mexico.

June 4, 1959.

C. C. Chase, Jr., Alamogordo, for relator.

Dan Sosa, Jr., Glenn B. Neumeyer, Las Cruces, for respondent.

W. R. Kegel, Santa Fe, and Patrick F. Hanagan, Roswell, Dist. Attys., Jack L. Love, Asst. Dist. Atty., Lovington, amici curiae.

MOISE, Justice.

This is an original proceeding in this Court whereby the Relator seeks prohibition against the Respondent, District Judge of the Third Judicial District. An alternative writ was issued upon Relator's showing that unless prohibited the Respondent would proceed to try her on a charge of driving while under the influence of intoxicating liquor as prohibited by § 64–22–2, N.M.S.A.1953, 1957 Supplement, without a jury although trial by jury had been demanded. It is asserted that trial by jury is guaranteed to her by the provisions of Art. II, Section 12, of the New Mexico Constitution.

The sole question presented for determination is whether or not the denial of the right to trial by jury when a person is charged with driving while under the influence of intoxicating liquor as prohibited by § 64–22–2 (1955 S.L.Chap. 184) in the district court is a violation of the constitutional guaranties of Art. II, Section 12.

In the case of Guiterrez v. Gober, 43 N. M. 146, 87 P.2d 437, 438, this Court held that it was no denial of any constitutional guaranty to deny a jury trial of a charge of violating a municipal ordinance charging a petty offense such as was there under consideration (using vile and abusive language).

■ In an exhaustive opinion Chief Justice Bickley reviewed the entire history of our constitutional provision and the right to trial by jury, and pointed out that the right which was guaranteed was "as it has heretofore existed." He demonstrated that this reference was to the right as it had existed and was enforced in the Territory of New Mexico at the time of the adoption of the Constitution, and did not guarantee such right in all cases of alleged violations of criminal statutes, and con-

cluded that the offense there charged was a petty offense which historically had been tried without a jury. This case was followed in the case of City of Tucumcari v. Briscoe, 58 N.M. 721, 275 P.2d 958, where the defendant was charged with driving while under the influence of intoxicating liquor in violation of a municipal ordinance. The contention in this case was to the effect that since the law required the revocation of the driver's license of any person convicted, thereby the penalty was made so severe as to remove it from the petty offense class. This claim was summarily denied and the rule of Guiterrez v. Gober, supra, applied.

In the recent case of City of Albuquerque v. Arias, 64 N.M. 337, 328 P.2d 593, we repeated that the charge was a petty one not requiring trial by jury. Of course, the three cases noted above all arose out of alleged violation of city ordinances. However, whether charges are filed in police court, before a justice of the peace, or in district court could not change the nature of the charge. The maximum penalty which may be inflicted for a first violation of § 64–22–2, which is the offense with which relator is charged, is ninety (90) days in jail and two hundred dollars ($200) fine. Under the provisions of § 14–25–1, N.M.S.A.1953, the penalty for violating the municipal ordinance prohibiting the same offense could be as much as ninety

(90) days in jail and a three hundred dollar ($300) fine. Thus it is seen that the act is no more serious just because it is prosecuted in district court. Neither does the fact that a trial by a six man jury is required upon demand in justice of the peace court alter the situation. This right is not one guaranteed by the Constitution, but is granted by statute. § 36–12–3, N.M. S.A.1953. See Guiterrez v. Gober, supra.

■ Relator makes an argument as to the nature of the offense of drunken driving and that certain states under differing sets of circumstances have determined that a person charged with such offense is entitled to trial by jury. Suffice it to say that in Guiterrez v. Gober, supra [43 N.M. 146, 87 P.2d 445], a complete analysis is made, and it is there stated after considering the nature of the offense and the severity of the penalty authorized that the offense there charged was a petty offense not requiring jury trial, and further that "there was no recognized mechanical line of demarcation between petty offenses arising from the violation of municipal ordinances and those arising from the violation of general statutes." The comments therein made apply equally here.

Relator has cited the cases of District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177, and District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843, in support of her position.

These cases both involve trials for violation of municipal law. The latter case was noted in Guiterrez v. Gober, supra, and was again noted in City of Albuquerque v. Arias, supra. In both instances it was pointed out that it was not contrary to the holding there promulgated. The same is equally true here. In District of Columbia v. Clawans, supra, the earlier holding in District of Columbia v. Colts, supra, was noted and a different result arrived at. Evidently this was done on a basis that the offense charged and penalty prescribed in the Clawans case did not take the offense out of the petty offense class whereas in the Colts case [282 U.S. 63, 51 S.Ct. 52, 53] involving a charge of exceeding the speed limit and reckless driving "so as to endanger property and individuals," it was determined that the charge was one of a serious character, "amounting to public nuisance indictable at common law." The court distinguished this offense from the offense of driving an automobile upon a public street while under the influence of intoxicating liquor which was held in State v. Rodgers, 91 N.J.L. 212, 102 A. 433, by the New Jersey Court of Errors and Appeals not to be an offense indictable at common law. The acts prohibited by § 64–22–2, N.M.S.A.1953 (1955 S.L.Chap. 184) are of the same type as those passed upon in the New Jersey case.

Relator also argues the sacred nature of the right to jury trial, and the importance of not infringing thereon. We readily subscribe to the assertion concerning the importance of preserving the right to jury trial—not to jury trial in any and all events —but as guaranteed in Art. II, Section 12 of our Constitution, which guarantees it "as it has heretofore existed." In addition the right should be jealously guarded and preserved where the legislature sees fit to grant it in other and different cases. It is not our function to go further.

For the reasons stated the alternative writ of prohibition should be discharged.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and CARMODY, JJ., concur.