427 P.2d 46

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Booker T. JACKSON, Defendant-Appellant.**

**No. 11.**

Court of Appeals of New Mexico.

March 24, 1967.

· Fred C. Tharp, Tharp & Snell, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge.

The defendant, Booker T. Jackson, was tried upon an information and convicted in the district court of Curry county of selling alcoholic liquor without a license so to do, contrary to the provisions of § 46–10–1 N.M.S.A., 1953.

At arraignment the defendant entered a plea of not guilty. Prior to trial a written demand for trial by jury was made by the defendant, which demand was orally renewed when the case was called for trial.

The trial court refused to grant defendant's request and tried the case without a jury; found defendant guilty and imposed sentence from which he has appealed.

Several points are relied upon for reversal. Defendant's right of trial by jury, however, is the decisive question. The right asserted by defendant is based upon that portion of § 12 of Article II of the Constitution of New Mexico as follows:

"The right to trial by jury as it has heretofore existed shall be secured to all and remain inviolate."

Whether the right to trial by jury for the offense of which defendant was charged existed under territorial law immediately prior to the adoption of the constitution is the determinative question.

The pertinent portion of § 46–10–1, supra, is as follows:

"It shall be a violation of this act for any person who is not the holder of a license permitting the same, issued under the provisions of this act or of chapter 130 Laws of 1937 * * * to * * * sell * * * any alcoholic liquor in the state of New Mexico."

Sec. 46–10–19 N.M.S.A., 1953, prescribes the penalty for violating the above section

as follows: "The violation of any provisions of this act * * * shall be a misdemeanor, and upon conviction thereof, any person shall be punished by a fine of not more than three hundred dollars ($300.00) or by confinement in jail not more than seven (7) months or by both such fine and imprisonment.

Although by statute above quoted, the offense is declared to be a misdemeanor it is not triable to a justice of the peace. § 36-2-5 N.M.S.A., 1953, provides:

"Justices of the peace have jurisdiction in all cases of misdemeanors where the punishment prescribed by law is a fine of one hundred dollars ($100) or less, or imprisonment for six [6] months or less, or where fine or imprisonment or both are prescribed but neither exceeds these maximums. This section does not apply to misdemeanors where jurisdiction is exclusively vested in district courts."

The sale of alcoholic liquor without a license was a criminal offense at the time of the adoption of the Constitution. § 4126, 1897 Compiled Laws of New Mexico, which was then in effect provides:

"Any person who shall carry on the business of retail liquor dealer or who shall sell or attempt to sell any spiritous, malt or vinous liquors without having first obtained a license as in section four thousand one hundred and twenty-four hereof provided, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum of not less than one hundred dollars and not more than five hundred dollars, or by imprisonment for not less than thirty days and not more than one year, in the discretion of the court."

While § 46-10-1, supra, was enacted after the adoption of the Constitution the offense created is, in substance, the same as that established by the early statute above quoted.

Section 3232 of the 1897 Compiled Laws of New Mexico, which was in existence when the Constitution was adopted limited the jurisdiction of justices of the peace, except as to specified matters not applicable here, to criminal cases where the punishment upon conviction did not exceed imprisonment in the county jail for thirty days, or a fine of not more than $100.00, or both.

■ Section 3395, 1897 Compiled Laws of New Mexico, was likewise in effect at the time of the adoption of the Constitution. This section provides: "All criminal offenses, except those cognizable before justices of the peace shall be preferred by indictment of grand jury or by information."

The law applicable at the adoption of the Constitution in reference to right to trial by jury in prosecution by information is set forth in § 1047, 1897 Compiled Laws of New Mexico as follows:

"In all criminal prosecutions, the accused shall enjoy the right to be heard by himself or counsel, or any other person who may defend him; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf, and in prosecutions by indictment or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed, which county or district shall have been previously ascertained by law."

The right to trial by jury as expressed in these statutes in our opinion was preserved by the language of the Constitution.

■ It seems clear to us from the early statutes to which we have referred that at the time of the adoption of the Constitution and immediately prior thereto a person charged with selling alcoholic liquor without a license had the right to a trial by jury. Further, that one charged with a misdemeanor not of the class triable to a justice of the peace was likewise entitled to a jury trial.

In our opinion, the defendant upon his demand should have been accorded a trial by jury. Compare Flores v. Federici, 70 N.M. 358, 374 P.2d 119 (1962).

Appellee has cited Guiterrez v. Gober, 43 N.M. 146, 87 P.2d 437 (1939); City of Tucumcari v. Briscoe, 58 N.M. 721, 275 P.2d 958; City of Albuquerque v. Arias, 64 N.M. 337, 328 P.2d 593 (1958). These cases are distinguishable in that they allege the violation of city ordinances. Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407 (1959) is likewise cited by appellee. This case is distinguishable on the ground that the offense involved is a petty offense and triable to a justice of the peace. It likewise involves a statute enacted subsequent to the adoption of the Constitution and concerning which no comparable offense existed at the time of the adoption of the Constitution, which was triable to a jury.

The cause will be reversed and remanded to the district court with direction to set aside the judgment and reinstate the cause upon the docket and to grant a new trial and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

HENSLEY, Jr., C. J., and OMAN, J., concur.