443 P.2d 856

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Donaciano MARRUJO, Defendant-Appellant.**

**No. 8449.**

Supreme Court of New Mexico.

July 22, 1968.

Zinn & Donnell, Santa Fe, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

NOBLE, Justice.

Donaciano Marrujo, convicted of the offense of giving alcoholic liquor to three minors in violation of § 46–10–12, N.M.S.A.1953, has appealed.

The violation with which he was charged is a misdemeanor, punishable by a fine of not more than $300 or by confinement in jail for a period not to exceed seven months. Sec. 46–10–19, N.M.S.A.1953. Marrujo was charged by the verified complaint of the district attorney. He was tried before the court sitting without a

jury, but was represented by competent, qualified and employed counsel at every stage of the proceeding. However, different counsel represent him on this appeal. Even though no objection was made in the trial court, appellant now for the first time on appeal challenges the jurisdiction of the court because (1) he was charged by criminal complaint rather than by information, and (2) he was tried without a jury. We find both contentions without merit.

■ Asserting that a statute in force at the time of the adoption of our Constitution required a charge of giving liquor to minors to be preferred by indictment or information, appellant argues that the offense must be so charged today. We cannot agree. The Constitution only requires capital, felonious or infamous crimes to be charged by indictment or information. Article II, § 14, New Mexico Constitution. This court has held that this provision of the New Mexico Constitution is clear and unambiguous. State ex rel. Sage v. Montoya, 65 N.M. 416, 338 P.2d 1051. Because the appellant in this case was not charged with a capital, felonious or infamous crime, there is neither a constitutional nor statutory requirement that the appellant be charged by information or indictment.

Appellant argues that because the offense, even though a misdemeanor, was triable by a jury at the time of the adoption of our constitution, he was entitled to a jury trial as a matter of right. Article II, § 12, New Mexico Constitution. We do not, however, reach that issue for a determination of this appeal.

■ The right to a jury trial is a privilege which may be waived. State v. Hernandez, 46 N.M. 134, 123 P.2d 387; State v. Shroyer, 49 N.M. 196, 160 P.2d 444. If a right to jury trial existed in this case, appellant, under the circumstances here present, by proceeding without demand or objection to trial before the court without a jury, waived the privilege granted by the constitution.

This court throughout the years has consistently made a distinction between petty

misdemeanors and felonies, and has said that, historically, petty misdemeanors have been tried without a jury. Guiterrez v. Gober, 43 N.M. 146, 87 P.2d 437; Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407. See also City of Tucumcari v. Briscoe, 58 N.M. 721, 275 P.2d 958; City of Albuquerque v. Arias, 64 N.M. 337, 328 P.2d 593.

While the statute classifies crimes as felonies, misdemeanors and petty misdemeanors, § 40A–1–5, N.M.S.A.1953, and this offense is designated a misdemeanor, we see no reason to distinguish those cases merely because they involved violations of ordinances or were petty misdemeanor violations of state statutes. The exception to the rule permitting trial without a jury in such cases is a specific statute granting a jury trial which was in force at the time of adoption of the New Mexico Constitution. State v. Jackson, 78 N.M. 29, 427 P.2d 46 (Ct.App.1967).

Our Territorial Supreme Court in Territory v. Ortiz, 8 N.M. 154, 42 P. 87, held that an accused could not waive a jury in a felony case. However, in State v. Hernandez, supra, this court noted the distinction made by the weight of the decided cases respecting the right to waive a jury in misdemeanors and petty offenses and felonies, saying with respect to misdemeanors and petty offenses:

"The right of an accused to waive a jury in the trial of petty offenses and misdemeanors has the support of the best reasoned decisions, and they represent the weight of authority. * * *"

Hernandez then pointed out the contrary rule of the majority of courts denying an accused the right to waive a jury in felony cases. After discussing the reasoning of the courts denying waiver in felonies and that of the Supreme Court of the United States in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, which permitted waiver in felony cases with certain safeguards, this court said that the right to waive with the safeguards required by Patton seemed "more consonant with reason, justice and the orderly

dispatch of judicial business than the conclusion reached in the Ortiz case." Ortiz was then expressly overruled. The safeguards thrown around the exercise of waiver of a jury in felony cases by Patton were expressly adopted, i. e., there must be "the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." See also State v. Shroyer, supra. The requirement of the above safeguards was limited to waivers in felony cases and has never been extended to petty misdemeanors or misdemeanors.

In view of the distinction consistently made by this court between petty offenses and felonies, and seeing no reason to distinguish between petty misdemeanors and misdemeanors, we hold that a defendant charged with a petty offense or a misdemeanor, represented by counsel, who proceeds without objection to trial before the court without a jury, thereby waives the privilege of a jury trial if one is granted in the particular petty offense by the constitution. An accused may not be heard to complain of the failure to grant him a jury trial unless he has affirmatively made known his desire for a jury. See Raburn v. Nash, 78 N.M. 385, 431 P.2d 874. State v. Jackson, supra, does not require a different result. In Jackson, defendant's specific request for a jury trial was denied and he was required to proceed to trial without a jury over his continued protest. Under such circumstances, there was, of course, no waiver by the defendant.

Finding no error, the judgment and sentence appealed from must be affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.

MOISE and CARMODY, Justices (dissenting).

The majority recognize that there may be a waiver of trial by jury in felony cases only where there is consent of government counsel, the sanction of the court, and the "*express* and intelligent consent of the defendant," but conclude, however, that no express waiver is required where defendant is charged with the misdemeanor of giving alcoholic liquor to minors. With this conclusion we do not agree.

The majority do not consider if the offense was one for which a trial by jury was provided at the time of adoption of our constitution, and accordingly preserved by art. II, § 12, N.M. Constitution. However, see State v. Jackson, 78 N.M. 29, 427 P.2d 46 (N.M.Ct.App.1967), where it is held a defendant charged with a comparable offense was guaranteed a right to jury trial by the constitution. Rather, they point to the fact that historically a distinction has been made between the requirement for waiver of jury trial in misdemeanor cases and in felony cases, holding generally that it is not required in the former, but is in the latter.

Further, they would disregard any difference between petty misdemeanors and misdemeanors, just as they would shut their eyes to the question of whether the offense was one for which a trial by jury was provided when our constitution was adopted and continued in force thereby as held in State v. Jackson, supra. We would direct attention to § 40A–29–4, N.M.S.A. 1953, where provision is made for a sentence of less than one year in jail or a fine of not more than $1,000.00, or both, for conviction of a misdemeanor, and not more than six months in jail or a fine of $100.-00, or both, upon conviction of a petty misdemeanor. We cannot agree that misdemeanors and petty misdemeanors are the same and that no distinction is to be made. It is clear the offense here charged is a misdemeanor. It is so denominated in § 46–10–19, N.M.S.A.1953, and the possible penalties are greater than are provided for petty misdemeanors.

In the recent case of Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court held that the Sixth Amendment right to a jury trial was binding on

the states in all cases charging "serious offenses." It refused to spell out exactly what offenses are serious, and which are not. However, it held directly that simple assault for which a penalty of up to two years imprisonment could be imposed was a serious offense, even though the actual penalty inflicted was only sixty days in the parish prison, the character of the offense being determined by the length of the sentence authorized, and not the sentence imposed in the particular case.

Note was taken of Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed. 2d 629 (1966) wherein it was held that a jury trial was not required for a crime carrying a possible penalty of up to six months if the crime otherwise qualified as a petty offense. District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L. Ed. 843 (1937) was also cited to the effect that the penalty authorized for a particular crime is important and relevant in considering if the offense is a serious one requiring trial by jury.

We cited and relied on this latter case in our decision in Hamilton v. Walker, 65 N. M. 470, 340 P.2d 407 (1959) where we held that a jury trial was not required in a case charging driving while under the influence of intoxicating liquor where the maximum penalty was ninety days in jail and a fine of $200, in effect holding the offense to be petty.

The foregoing discussion is pertinent only to demonstrate that the question presented cannot be answered by the simple formula of saying that trial by jury may be waived by going to trial without objection in cases charging a misdemeanor or a petty misdemeanor. The problem, as well as the solution, is more difficult than that. As we read Duncan v. State of Louisiana, supra, the answer may turn on the seriousness of the offense. If the of-

fense is one that would be called serious so that a right to trial by jury is guaranteed by the Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, we would be unable to find a reasonable basis to permit waiver except as held in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263 (1930), upon "express and intelligent consent of the defendant." On the other hand, if the offense is a petty one, possibly a waiver through silence could be justified. In this distinction, however, we recognize some difficulty. We would point to the following quotation from Commonwealth v. Beard, 48 Pa.Super. 319 (1911), found in Patton v. United States, supra:

"'It surely cannot be true that the public is interested in the protection of an accused in proportion to the magnitude of his offending—that its solicitude goes out to the great offender but not to the small—that there is a difference in point of sacredness between constitutional rights when asserted by one charged with a grave crime and when asserted by one charged with a lesser one. * *'"

See, also, Commonwealth ex rel. Ross v. Egan, 281 Pa. 251, 126 A. 488 (1924).

Nevertheless, if the distinction is to be drawn, it should definitely be limited to petty offenses where there is no constitutional guaranty of a trial by jury. Involved here is a misdemeanor, not a petty misdemeanor, carrying a penalty of up to seven months and a fine, and in addition, it is an offense where trial by jury was provided before adoption of the constitution, which right is made inviolate by the constitution. These facts convince us that the same certainty of *express* and knowing waiver as is required for felonies should be applied here.

The majority having concluded otherwise, we respectfully dissent.