606 P.2d 210

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Orlando Robert LOPEZ,**
**Defendant-Appellant.**

**No. 4440.**

Court of Appeals of New Mexico.

Feb. 5, 1980.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

This case was placed on the summary calendar with reversal proposed because the docketing statement recited that the defendant waived a jury and was tried to the judge, but that this waiver was not in writing as is required by N.M.R.Crim.P. 38(a), N.M.S.A.1978. The State has filed a memorandum in opposition to summary reversal urging several bases why this case should not be summarily reversed. We are not persuaded.

First, the State contends that summary reversal would conflict with this Court's recent decision in *State v. Pendley*, 92 N.M. 658, 593 P.2d 755 (Ct.App.1979). In *Pendley*, one juror became ill during the course of the trial and the State, the defendant and his counsel consented to a trial by an eleven person jury. On appeal, this Court held that the written waiver requirement of Rule 38(a) was not intended to apply to the situation of that case. As *Pendley* stated: "[t]his requirement, of a written waiver, avoids ambiguities if the right to a jury is waived prior to trial. We doubt that the written waiver requirement was intended to apply to the situation in this case." We do not see *Pendley* as a decision regarding the waiver of a jury, but rather the waiver of the number of persons on the jury. Any discussion in *Pendley* beyond that would be beyond the question presented for review.

The State further argues that, upon the initiating of the process of waiving his right to a jury trial, the burden of securing and filing documentation reflecting his desired waiver would logically fall upon the defendant. This contention does not aid the State. Rule 38(a) assumes the right of the defendant to waive, but it specifies that it must be in writing. The State would further urge that the defendant should be estopped from complaining that his waiver was not in writing and, hence, not effective. The State cites us to *State v. Edwards*, 54 N.M.

189, 217 P.2d 854 (1950). That case held that a procedure to which the defendant acquiesced at trial could not be later urged as error because the defendant led the trial court into the alleged error. However, we do not think the reasoning of that decision is persuasive in this instance. Rule 38(a) expressly spells out the conditions when a jury may be waived. In addition, the rule clearly states that the waiver is to be in writing. Under the present wording of Rule 38(a), it is incumbent upon the trial court to receive a waiver "in writing" before it permits a trial to proceed without a jury.

The State has cited other cases for the proposition that defendant's verbal acquiescence was an effective waiver of a trial by jury. *State v. Hernandez*, 46 N.M. 134, 123 P.2d 387 (1942); *State v. Marrujo*, 79 N.M. 363, 443 P.2d 856 (1968). However, as was discussed above, there is no quarrel with the proposition that a defendant might waive a jury. We merely hold that the clear meaning of Rule 38(a) is that the waiver of a jury must be in writing. We assume the rule means what it says. The Supreme Court is presumed not to have used any surplus words in the rule and that each word used has a meaning. *See State v. Doe*, 90 N.M. 776, 568 P.2d 612 (Ct.App. 1977). We are bound to follow Supreme Court decisions and rules. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973) and its progeny.

The proposed summary reversal is made final.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.