**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHEOUS THOMPSON,

Petitioner-Appellant,

v.

JAMES JANECKA, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 06-2240

District of New Mexico

(D.C. No. CIV-05-1121 BB/WPL)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Timotheous Thompson, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Thompson has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

A jury convicted Mr. Thompson in November 2002 of aggravated burglary and breaking and entering. He was sentenced thereafter to thirteen years in prison, followed by two years parole. After unsuccessfully challenging his conviction on direct appeal, Mr. Thompson sought state habeas corpus relief. He was denied. As a last resort, Mr. Thompson filed a 28 U.S.C. § 2254 *pro se* application for a writ of habeas corpus before the District Court for the District of New Mexico. That court denied his application and his request for a certificate of appealability.

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA is appropriate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). This case leaves no room for reasonable debate.

Mr. Thompson offers four arguments as to why he should be allowed to proceed with his habeas appeal. He contends that the district court denied him "a fair and impartial trial" by refusing to admit certain pieces of evidence Mr.

Thompson considers exculpatory. He claims he suffered from ineffective assistance of counsel. He accuses the government of prosecutorial misconduct for facilitating witness perjury, and he argues that the eleven-member jury which convicted him was unconstitutional. None of these contentions suffices to demonstrate the denial of a constitutional right.

Mr. Thompson argues first that the district court's refusal to admit evidence establishing a domestic relationship between himself and Tonya Ligon, the woman whose house he illegally entered, eviscerated his defense and effectively denied him due process of law. The district court characterized this argument as a challenge to the sufficiency of the evidence. Perhaps that is an accurate construal of Mr. Thompson's petition to the district court, but Mr. Thompson has not made a sufficiency argument to this Court. Instead, he has squarely challenged the trial court's evidentiary rulings. He did not, however, challenge those rulings on direct appeal. As a result, the New Mexico Court of Appeals rejected this argument when Mr. Thompson raised it in his state habeas petition, noting that New Mexico state law bars post-conviction relief on grounds available but not raised during direct appeal. *State v. Beachum*, 494 P.2d 188, 189 (N.M. Ct. App. 1972).

We reject it as well. When a state prisoner has defaulted his federal claims in state court "pursuant to an independent and adequate state procedural rule," federal habeas review is barred, unless the petitioner "can demonstrate cause for

the default and actual prejudice as a result." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Thompson has demonstrated neither cause nor actual prejudice. His evidentiary challenge is therefore defaulted and beyond our purview.

Next, Mr. Thompson claims that he suffered ineffective assistance of counsel. To establish ineffectiveness, Mr. Thompson must show that his counsel's performance fell below an objective standard of reasonableness and that, but for his counsel's deficient performance, the outcome at trial would likely have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Mr. Thompson makes neither showing. His primary complaint is that his attorney failed to call witnesses who could have testified to his ongoing domestic relationship with Ms. Ligon. But a personal relationship with the victim is no defense to the crime of burglary or breaking and entering. N.M. Stat. Ann. §§ 30-14-8, 30-16-4 (1978). Mr. Thompson's counsel was not ineffective for refusing to mount a wholly irrelevant defense.

Whereas Mr. Thompson argued to the district court that the government failed to disclose potentially exculpatory evidence, he now argues in his third claim to this Court that the prosecution "knowingly permitted perjuried [sic] testimony from [the] victim of [the] crime," that is, Ms. Ligon. App. Br. at 2. This is a new argument not raised below. As we have said time and again, we will not consider claims waived or abandoned in the district court. *Leprino Foods*

-4-

*Co. v. Factory Mut. Ins. Co.*, 453 F.3d 1281, 1285 n.1 (10th Cir. 2006). An appeal is not the proper venue for rehearsing new theories.

Finally, we reject Mr. Thompson's contention that conviction by an eleven-member jury violated his due process rights. The U.S. Constitution affords defendants no right to a twelve-person jury. *Burch v. Louisiana*, 441 U.S. 130, 137 (1979). New Mexico, on the other hand, apparently does guarantee its defendants twelve-member juries, but the right can be waived. *State v. McFall*, 354 P.2d 547, 548 (N.M. 1960); *see State v. Marrujo*, 443 P.2d 856, 857 (N.M. 1968) (trial by jury may be waived). Here again, the New Mexico Court of Appeals ruled that Mr. Thompson had abandoned this objection by failing to lodge it at trial or on direct appeal. The failure to raise an issue on direct appeal constitutes an independent and adequate state procedural ground that generally precludes this Court from revisiting the issue. *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998).

Accordingly, we **DENY** Mr. Thompson's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge