This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                                    **No. 33,422**

**ARTURO OLAGUE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant appeals his convictions for Aggravated Driving While Intoxicated (DWI) (.16 or above) and Failure to Maintain Lane. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition, and a motion to amend the docketing statement to add the issue of whether the trial court erred in admitting certain testimony, and whether he received ineffective assistance of counsel. We hereby deny the motion to amend and affirm the district court judgment.

**Motion to Amend**

**{2}** Defendant seeks to amend the docketing statement to add two new issues. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State*

*v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by rule as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537.

{3}     Here, Defendant concedes that he did not preserve a challenge to the admission of some of an officer's testimony as expert testimony. *See State v. Lucero*, 1986-NMCA-085, ¶ 9, 104 N.M. 587, 725 P.2d 266 ("It is well-settled that objections must be raised below to preserve an issue for appellate review."). "We require that a party assert the basis for its objection with sufficient specificity to alert the mind of the [district] court to the claimed error[.]" *State v. Silva*, 2008-NMSC-051, ¶ 9, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted); see Rule 12-216 NMRA. Notwithstanding the failure to preserve the issue, Defendant maintains that the admission of this testimony constituted fundamental error. [MIO 4] "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *State v. Baca*, 1997-NMSC-045, ¶ 41, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783. Here, the other evidence indicates that guilt was not so doubtful that it would shock the conscience. Specifically, Defendant and another individual were the only individuals found at the accident site. [MIO 2-3] The other individual testified that he was the passenger. [MIO 2-3] The district court, sitting as factfinder in this bench trial [RP 157], could also construe the officer's testimony as lay testimony, or at least within the competency of

this witness, because seeing two sets of footprints does not require any particular expertise. [MIO 4] Finally, Defendant's BAC was above .16. [MIO 3]

**{4}** Defendant also argues that counsel was ineffective for failing to object to the admission of this "expert" testimony. [MIO 6] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. As applied here, we believe that the failure to object falls within the ambit of trial tactics, because defense counsel may not have wanted to focus the court's attention on the matter, or to allow the officer the opportunity to elaborate on his training and the techniques supporting the strength of his testimony. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel"). As Defendant observes [MIO 7], Defendant may raise this issue in a habeas proceeding. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466.

**Issue 1**

**{5}** Defendant continues to argue that that the district court erred in denying his motion for a jury trail. [MIO 8] A defendant may demand a trial by jury in those cases where the crime is classified as serious and has a potential penalty in excess of six

4

months' imprisonment. *See State v. Sanchez*, 1990-NMSC-012, ¶ 7, 109 N.M. 428, 786 P.2d 42; *see also* N.M. Const. art. II, § 12. New Mexico law does not provide for a jury trial for crimes having a potential penalty of six months or less imprisonment. *See Hamilton v. Walker*, 1959-NMSC-047, ¶ 5, 65 N.M. 470, 340 P.2d 407.

{6}     Here, Defendant was charged with Aggravated DWI (.16 or greater), pursuant to NMSA 1978, Section 66-8-102(D)(1) (2010). [RP 10] This charge carried a potential penalty of up to ninety days. Section 66-8-102(E). The other charge against Defendant, Failure to Maintain Lane, was a penalty assessment misdemeanor. [RP 11] As such, we conclude that the district court appropriately denied Defendant a jury trial, notwithstanding his assertion that his case was complicated.

**Issue 2**

{7}     Defendant continues to claim that the district court erred in refusing to strike the testimony of the nurse who collected the blood sample, on the ground that the nurse had no specific recollection of this particular blood draw. [MIO 10] *See* Rule 11-602 NMRA (generally requiring that a witness have personal knowledge of matter on which they testify). The nurse's testimony related to laying a foundation for the introduction of the blood test results, which would be admissible as either business records or public records. [MIO 3] *See State v. Christian*, 1995-NMCA-027, ¶¶ 12, 18, 119 N.M. 776, *abrogated on other grounds by State v. Aragon*, 2010-NMSC-008, 147 N.M. 474, 225 P.3d 1280. The fact that she may not have specifically remembered this blood draw went to the weight of her testimony, and not its

admissibility. *Cf. State ex rel. Elec. Supply Co. v. Kitchens Constr., Inc.*, 1988-NMSC-013, ¶ 11, 106 N.M. 753, 750 P.2d 114 (relying on the principle that, with respect to business records, "absence of personal knowledge shall not affect admissibility"). For purposes of foundation, she testified that she would not have signed the form without conducting the blood draw properly. [MIO 4] We therefore conclude that the district court properly admitted this testimony.

**Issue 3**

{8} Defendant claims that the district court should have excluded a videotape of the interview of Defendant by an officer, because the copy received by Defendant during discovery did not include the audio portion of the video. [MIO 4, 11] "A court has the discretion to impose sanctions for the violation of a discovery order that results in prejudice to the opposing party." *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25. But "the mere showing of violation of a discovery order, without a showing of prejudice, is not grounds for sanctioning a party." *Id.* Once prejudice is shown, any sanction should "affect the evidence at trial and the merits of the case as little as possible." *Id.* (internal quotation marks and citation omitted). "Our case law generally provides that the refusal to comply with a district court's discovery order only rises to the level of exclusion or dismissal where the State's conduct is especially culpable, such as where evidence is unilaterally withheld by the State in bad faith, or all access to the evidence is precluded by State intransigence." *Id.* ¶ 17.

6

**{9}** Here, there was no showing below that the State acted in bad faith, or was otherwise "especially culpable," as contemplated by *Harper*. Defendant has not indicated how he was prejudiced by the late disclosure, or that he requested a brief continuance to review the audio. As such, we do not believe that Defendant has shown that the district court abused its discretion. *See State v. Downey*, 2008-NMSC-061, ¶ 24, 145 N.M. 232, 195 P.3d 1244 ("'An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case.'" (quoting *State v. Armendariz*, 2006-NMSC-036, ¶ 6, 140 N.M. 182, 141 P.3d 526))**.**

**{10}** For the reasons set forth above, we affirm.

**{11} IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**M. MONICA ZAMORA, Judge**

7