[No. C. D. 3129.   En Banc.   January 10, 1963.]

*In the Matter of the Disciplinary Proceeding Against*
MAX KOSHER, *an Attorney at Law.**

*T. M. Royce*, for Board of Governors.

FINLEY, C. J.—The Board of Governors of the Washington State Bar Association has recommended that this court disbar Max Kosher from the practice of law in the state of Washington. In making that recommendation, the board

*Reported in 377 P. (2d) 988.

has approved and adopted the conclusions of the hearing panel which initially heard this disciplinary matter.

Mr. Kosher was admitted to the practice of law in this state on September 10, 1947, and, subsequently, practiced law in Everett, Washington, until his disappearance on or about October 22, 1960.

This disciplinary proceeding was commenced by service of a formal complaint at Max Kosher's usual place of abode in Snohomish County, where it was left with Celia Kosher, a person of suitable age and discretion, on July 31, 1961. The following day a copy of the complaint was sent by certified mail to Mr. Kosher's last known office address, maintained by him for the practice of law. Rules for Discipline of Attorneys 6 B(1), RCW Vol. 0, provides:

*"Formal Complaint and Notice to Answer.* A copy of the formal complaint with notice to answer shall be served on the respondent attorney in the following manner:

"a. If the respondent attorney is found in the state of Washington, by personal service upon him in the manner as is required for personal service of summons in civil actions in the superior court in the state of Washington on the effective date of these rules.

"b. *If the respondent attorney cannot be found,* either by leaving a copy at his place of usual abode, if in the state of Washington, with some person of suitable age and discretion then resident therein, or by mailing by registered or certified mail, postage prepaid, a copy addressed to him at his last known (a) place of abode, (b) office address maintained by him for the practice of law, or (c) post office address.

"c. If the respondent attorney is found outside of the state of Washington, then by personal service. . . ." (Italics ours.)

During this disciplinary proceeding the whereabouts of Mr. Kosher were unknown; therefore, subsection (b) of the above-quoted rule is applicable, and the method of service utilized complied with the requirements of that rule.

Mr. Kosher did not reply to either the complaint or to any of the other papers subsequently served in the same manner. Therefore, acting under the provisions of Rules for Discipline of Attorneys 7 G, RCW Vol. 0, the hearing

panel proceeded to a determination of the complaint against Mr. Kosher in the same manner as though he had been present and had answered by a general denial. During the course of this disciplinary proceeding, the hearing panel and the board of governors complied with the procedural requirements set forth in the Rules for Discipline of Attorneys, RCW Vol. 0, which were adopted by this court and became effective on January 2, 1961.

The original complaint against Max Kosher contained four items, and a fifth item was later incorporated by means of an amended complaint.

The first and second items are sufficiently related that it is appropriate to discuss them together. It was alleged, and the record supports the allegation, that Max Kosher engaged in a steady practice of calling upon prisoners in the Snohomish County jail and offering to supply bail for a fee and/or to act as their counsel. Usually, these calls were made without any solicitation by the prisoners, and Mr. Kosher generally lacked any prior personal acquaintanceship with those prisoners. In conjunction with the foregoing activity he solicited employees of the jail to suggest that prisoners retain Mr. Kosher as their counsel, and to inform him of prisoners who would be potential clients. During various periods of time, Mr. Kosher paid some employees of the county jail to engage in this practice of solicitation. This pattern of conduct is in clear violation of Canon of Professional Ethics 27, RCW Vol. 0, relating to the solicitation of professional employment.

Mr. Kosher often requested and received a separate fee for his posting of bail for prisoners in the Snohomish County jail. RCW 19.72.020 prohibits attorneys from acting as sureties on bail bonds. In the May-June 1954 issue of the Washington State Bar News (p. 21), an opinion of the Ethics Committee, relating to RCW 19.72.020, was published. The opinion stated:

" . . . . we do not feel within the spirit of the above statute and the general ethical requirements rightfully imposed upon an attorney-at-law, that he should attempt to

furnish cash bail for persons accused of crime, and *make a specific charge therefor."* (Italics ours.)

We concur in that opinion and believe that in view of Mr. Kosher's soliciting activities his posting of bail for a fee was unethical.

■ In the present disciplinary proceeding Mr. Kosher is also charged with having aided and abetted the illicit practice of prostitution in Snohomish County. The record herein clearly indicates that Max Kosher actively participated in: (1) the establishment of houses of prostitution, (2) the securing of women essential to their operation, (3) the direction of some "customers" to the brothels, and (4) the collection and apparent sharing in an overhead fee (which could be referred to as a protection or organization fee). There can be no doubt that the aforementioned activities of Mr. Kosher involved moral turpitude. Rule for Discipline of Attorneys 1 A, RCW Vol. 0, provides that an attorney may be disbarred for the commission of an act involving moral turpitude, and a criminal conviction shall not be a condition precedent to disciplinary action.

■ On October 3, 1960, Mr. Kosher was personally subpoenaed as a witness for the trial of Sheriff Robert Twitchell. Later, on the 18th of October, the special prosecutor agreed to excuse Mr. Kosher from attendance at the trial on the understanding that he would remain available to appear and testify on 24-hour notice. Thus, Mr. Kosher's departure from the jurisdiction on or about October 22, 1960, was in defiance of the superior court which had issued the subpoena. Such a defiance was contrary to his obligation and responsibilities as an officer of the court.

The fifth charge against Mr. Kosher relates to misconduct in reference to a client. The client was arrested on October 9, 1960, for drunk driving and was incarcerated in the Snohomish County jail. On the following day, the client phoned Mr. Kosher, who secured his release and collected fifty dollars for his services. Mr. Kosher also represented to the client that he had posted a $300 cash bail bond for

his release. On October 11, 1960, the client appeared by himself in justice court. At that time, the judge informed him that he should have an attorney because a conviction might result in the suspension or revocation of his driver's license. Two days later, the client conferred with Mr. Kosher, who agreed to defend him in justice court. At that time, the client reimbursed Mr. Kosher for the $300 which Mr. Kosher had purportedly posted as a cash bond. Mr. Kosher deposited the $300 in his general account and left the jurisdiction prior to the date of the client's trial. On October 17, Mr. Kosher deposited a property bond with the court for his client. Subsequently, the client appeared by himself, and was convicted of the traffic violation. The client then requested that the court return his cash bond less the amount of his fine. It was then that the client learned that Mr. Kosher had not deposited the $300 cash bond. These facts indicate that Mr. Kosher secured the $300 by false representation, and then appropriated the same to his own use.

▮ Evaluation of the several charges and the record supporting them can lead to no other conclusion than that the recommendation of the Board of Governors of the Washington State Bar Association should be accepted by this court. Therefore, it is hereby ordered that Max Kosher is disbarred from the practice of law in the state of Washington and that his name shall be stricken from the roll of attorneys.

HILL, DONWORTH, WEAVER, ROSELLINI, OTT, HUNTER, and HAMILTON, JJ., concur.