Jackson Rose, Washington, D.C., for petitioner Bar Counsel.

Joseph L. Mayer, Washington, D.C., for petitioner Board on Professional Responsibility.

Gregory L. Murphy, Alexandria, Va., for respondent.

**In the Matter of Peter L. WOLFF, Respondent, A Member of the Bar of the District of Columbia Court of Appeals.**

No. 84–932.

District of Columbia Court of Appeals.

Argued Dec. 5, 1984.

Decided April 8, 1985.

Before PRYOR, Chief Judge, and NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge:

Respondent entered a plea of guilty to a felony count of distribution of child pornography, Va.Code § 18.2–374.1(B)(5), in the Circuit Court of Arlington County.[1] That case was brought to the attention of this court, which referred the matter to the

---

**1.** Respondent was also found guilty of a misdemeanor prostitution charge arising out of the events underlying this case.

Board on Professional Responsibility for a determination of whether the underlying crime involved moral turpitude.[2] The Board concluded that the crime was not *per se* one of moral turpitude and referred the case to a hearing committee for a determination of whether, given the particular facts, the offense involved moral turpitude. The Board found that the surrounding circumstances did not warrant a finding of moral turpitude and recommended that the disciplinary matter be dismissed. Bar Counsel takes exception to this recommendation. We agree with Bar Counsel and hold that on the facts of this case, respondent's conviction was for a crime involving moral turpitude. We order disbarment.

## I

Wolff's participation in the underlying events began on October 19, 1981, when an undercover police officer in Arlington telephoned him. Officer Wise had found Wolff's telephone number in an address book belonging to Harold Lyons, who had been arrested beforehand for running a prostitution ring. Wise posed as someone who, along with his "girlfriend" (another officer), was interested in engaging in sexual activities and a photographic session with Wolff. Respondent expressed a desire to meet them and a meeting was arranged. Wise asked respondent to bring along [pornographic] pictures that Wolff had mentioned owning. The three got together the next evening at an apartment, and Wolff produced a number of photographs depicting minors engaged in sex acts. He agreed, apparently reluctantly, to accept $20.00 from Wise in exchange for five of the pictures. Wise then proceeded to give respondent $150.00, assertedly a "modeling" fee, at the start of what was to be the photographic session. Wolff disrobed, began to masturbate, was photographed and then placed under arrest for prostitution.

2. D.C.Code § 11–2503(a) (1981) mandates disbarment following a conviction for an offense involving moral turpitude.

## II

The central issue in this case is one of first impression for this court. We begin our analysis by emphasizing that a guilty plea represents both a conviction of a crime and an admission by the accused of the underlying facts. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Thus in pleading guilty to distribution of child pornography, Wolff conceded that the government's proffer of the circumstances surrounding the offense was true. His admission is crucial, as this court's inquiry focuses on whether the respondent's crime involved moral turpitude, given the particular facts present in this case.

In determining whether respondent's offense entailed moral turpitude, we note that that phrase eludes precise definition. This court grappled with the problem in *In re Colson*, 412 A.2d 1160 (D.C.1979), and defined moral turpitude for the purpose of triggering disbarment under D.C.Code § 11–2503(a) (1981) in three different ways:

(1) The act denounced by the statute offends the generally accepted moral code of mankind;

(2) The act is one of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man; or

(3) Conduct contrary to justice, honesty, modesty, or good morals.

*Id.* at 1168.

The Virginia statute under which respondent was prosecuted was enacted following a legislative determination of what constitutes immoral conduct. In construing Va. Code § 18.2–374.1, the Supreme Court of Virginia noted that the "state has a compelling interest, one central to its right to

**1120** ◼ ▬▬▬▬▬▬

survive, in protecting its children from treatment it determines is physically or psychologically injurious to youth. The General Assembly has determined that the production and distribution of child pornography is such treatment." *Freeman v. Commonwealth*, 223 Va. 301, 288 S.E.2d 461, 465 (1982). Respondent's distribution of these concededly pornographic pictures reveals that he is part of a vital link in the chain which creates and supports the market for such exploitative materials.

◼ Turning now to the specific facts of this case, we look to the circumstances surrounding respondent's encounter with the two undercover police officers. He willingly agreed to meet them the following evening and suggested that he would bring the pictures with him. Once there, he accepted money for the five pictures and an additional sum for the proposed sexual activities. Although commercial intent is not a prerequisite for conviction under the statute in question, it bears on the issue of moral turpitude. Here, respondent not only engaged in an act contrary to the stated public policy of Virginia but also did so in exchange for money. Further, during the same encounter with the undercover officers, he engaged in acts which resulted in a conviction for prostitution, Va.Code § 18.2–346. Conduct centering around prostitution is proscribed in both Virginia and the District of Columbia and has been deemed activity involving moral turpitude in disbarment proceedings elsewhere. *See, e.g., In re Kosher*, 61 Wash.2d 206, 377 P.2d 988 (1963) (aiding and abetting prostitution is an activity involving moral turpitude).

◼ Putting to one side the prostitution conviction, we hold that respondent's conduct involves moral turpitude. "[T]he participant's desire for ... gratification [exceeded] his ability to demonstrate a public respect and appreciation of existing societal morals and values." *Florida Bar v. Kay*, 232 So.2d 378, 380 (Fla.) (Ervin, C.J., concurring), *cert. denied*, 400 U.S. 956, 91 S.Ct. 352, 27 L.Ed.2d 264 (1970). We find

that his distribution of the photographs and the surrounding circumstances constituted conduct contrary to justice, modesty, and good morals. *Colson, supra*, 412 A.2d at 1168.

It is ordered that respondent be disbarred pursuant to D.C.Code § 11–2503(a) (1981).

So ordered.

MACK, Associate Judge, dissenting:

I would affirm the holding of the Board that "surrounding circumstances" do not warrant a finding of moral turpitude that would trigger disbarment under D.C.Code § 11–2503(a). I would not dismiss, however, but would impose a sanction less than that of disbarment.