*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 25-BG-0486

IN RE PATRICK L. WOJAHN, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 483705)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 24-BD-069; DDN: 2024-D170)

(Decided February 5, 2026)

Before: EASTERLY and SHANKER, *Associate Judges*, and THOMPSON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Patrick L. Wojahn be disbarred from the practice of law following his convictions for knowing possession of child pornography with intent to distribute (100 counts), in violation of Md. Code Ann., Crim. Law § 11-207, and knowing possession of child pornography (40 counts), in violation of Md. Code Ann., Crim. Law § 11-208. Although the Board found that Md. Code Ann., Crim. Law §§ 11-207, -208 were not crimes of moral turpitude per se, it concluded that the undisputed facts

underlying the offenses involved moral turpitude. Respondent has not filed any exceptions to the Board's Report and Recommendation.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed, we accept the Board's determination that the undisputed facts of this case constitute offenses of moral turpitude.[1] Therefore, we impose the required sanction and disbar respondent from the practice of law. *See* D.C. Code § 11-2503(a).

Accordingly, it is

---

[1] *See, e.g., In re Wolff*, 490 A.2d 1118, 1119-20 (D.C. 1985), *aff'd on reh'g en banc*, 511 A.2d 1047 (D.C. 1986) (en banc) (concluding based on the facts that distribution of child pornography involved moral turpitude). We express no opinion regarding the Board's determination that violations of Md. Code Ann., Crim. Law §§ 11-207, -208 are not crimes of moral turpitude per se. *See, e.g., In re Moir*, 258 A.3d 161, 162 (D.C. 2021) (per curiam) ("Because no exceptions have been filed, we need not . . . reach the issue of whether this offense constitutes a crime of moral turpitude per se or as applied to respondent's actions, as both support the recommendation of disbarment.").

ORDERED that respondent Patrick L. Wojahn is hereby disbarred from the practice of law in this jurisdiction. Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. We observe that respondent has already filed two D.C. Bar R. XI, § 14(g) affidavits in this matter, on February 19, 2025, and December 1, 2025,[2] but Disciplinary Counsel has not yet taken a position on whether either or both of those affidavits comply with Section 14. For reinstatement purposes, respondent's disbarment will run from the date of his first compliant D.C. Bar R. XI, § 14(g) affidavit. *See* D.C. Bar R. XI, § 16(c). It is

FURTHER ORDERED that the underlying proceeding which resulted in respondent's suspension pursuant to D.C. Bar R. XI, § 10(c), *In re Wojahn*, No. 24-BG-1113, is dismissed as moot.

*So ordered.*

---

[2] Respondent's affidavits were filed in case No. 24-BG-1113.