415 P.2d 543

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry Ray JAMES, Defendant-Appellant.

No. 7861.

Supreme Court of New Mexico.

June 20, 1966.

Dan B. Buzzard, Clovis, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

This action originated in a justice of the peace court of Lea County upon three criminal complaints against appellant. Each complaint charges a petty misdemeanor and respectively accuses appellant of assault, resisting arrest and reckless driving. The justice found appellant guilty upon each complaint, and an appeal was thereupon perfected to the district court. Before trial in the district court, appellant requested and obtained an order consolidating the three complaints for trial. He likewise made demand for a bill of particulars and trial by jury. The trial court refused to require the District Attorney to furnish a bill of particulars and denied the jury demand.

Appellant was noticed for trial on a date prior to the first day of the regular term of the district court next succeeding the docketing of the appeal. On the day set for trial appellant sought a continuance until the next term of court. The trial court refused to grant the continuance or to vacate the setting. On trial appellant was acquitted on the charge of reckless driving; was found guilty of assault and

resisting arrest and sentenced to imprisonment in the county jail for a term of six months and a fine imposed on each offense. He has appealed from the judgment and sentence of the district court.

Appellant first contends that he was not subject to being tried until on or after the first day of the next term of the district court following docketing of the appeal, and his request for a continuance of the hearing should have been granted. In support of his contention, he cites and relies upon Reece v. Montano, 48 N.M. 1, 144 P.2d 461.

In the Reece case, we did hold that neither defendants nor witnesses could be required to present themselves for trial of a justice of the peace court appeal prior to the first day of the next term of court. The decision was based upon our interpretation of applicable statutes then in effect.

After our decision in the Reece case, the legislature enacted § 2, Chapter 92, Laws of 1945, now cited as § 36–18–4, N.M.S.A., 1953, as follows:

"The clerk of the district court shall docket such appeals on or before the second day of the next term of the district court or at any time after the papers, as required in section 38–1803 [36–18–3], have been filed in his office, and upon payment to him of the fee as provided for in section 38–1805 [36–18–5], the docketing may be demanded by any party to the cause. *At any time after the appeal has been docketed the cause may be called for trial by any party by giving notice to the other party or parties in accordance with the applicable rules of civil procedure."* (Emphasis added)

In view of the express language of the statute, appellant was not entitled as of right to a postponement of the trial to the first day of the next term of court.

Appellant next claims error in the denial by the trial court of his demand for a bill of particulars. He contends that Section 41–6–8, N.M.S.A., 1953, is applicable to a proceedings of the kind involved here, and grants an accused the absolute right to be furnished a bill of particulars upon demand. The pertinent portion of Rule, Section 41–6–8, supra, is as follows:

"Bills of particulars.—(1) When an indictment or information charges an offense in accordance with the provision of section 42–607 [41–6–7], but fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the district attorney to furnish a bill of particulars containing such information as may be necessary for these purposes; or the district attorney may of his own motion furnish such bill of particulars."

It is questionable whether the rule can be applied to a Justice of the Peace Court appeal from a conviction of a petty misdemeanor. The language of the rule renders it applicable only when the simplified form of indictment or information authorized by Section 41-6-7, N.M.S.A., 1953, is employed, and then only when the pleading fails to inform an accused of the particulars of the offense sufficiently to enable him to prepare his defense or give him such information as he is entitled to under the Constitution of this state.

 Based upon the above quoted rule, a motion to require the District Attorney to furnish a bill of particulars is addressed to the trial court and while the rule does contain mandatory language the court is, nevertheless, required as a condition of granting the motion to determine that the pleading charging the offense itself fails to adequately inform the accused of the particulars of the offense charged.

██ The complaint upon which appellant was prosecuted and to which the court was required to look in considering the motion for a bill of particulars is not contained in the transcript of the record; consequently, the order of the trial court denying the motion is not subject to review. Aragon v. Kasulka, 68 N.M. 310, 361 P.2d 719; Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574; Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11.

· Appellant can find no support in State v. Graves, 73 N.M. 79, 385 P.2d. 635, for the reason that the information in the Graves case was shown in the transcript and failed to allege sufficient particulars of the offense charged to satisfy the requirements of the rule (41-6-8, supra). Upon such insufficiency we held that the rule made it mandatory that certain basic information necessary to enable the defendant to prepare his defense be furnished the accused.

██ Appellant finally urges that he was wrongfully denied the right to a trial by jury upon the consolidated petty misdemeanor charges. The rule recognized by appellant and expressed in Reece v. Montano, supra, is that a jury is not demandable in a case upon appeal from the Justice of the Peace Court. In Hamilton v. Walker, 65 N.M. 470, 340 P.2d 407, we held that a jury was not demandable in the trial of a case involving only a petty offense.

██ Appellant argues that upon conviction of the three consolidated petty misdemeanors a sentence of more than one year was authorized consequently in accordance with Sec. 40A-1-6(A), N.M.S.A., 1953, the combined offenses should come within the classification of a felony thereby entitling him to a jury trial.

Sec. 40A-1-6(A) is as follows:

"A crime is a felony if it is so designated by law or if upon conviction thereof a

sentence of death or of imprisonment for a term of one [1] year or more is authorized."

The quoted section in characterizing an offense as a felony does not purport to so characterize several petty misdemeanors combined for trial. The consolidation of the petty offenses for trial does not change their nature, nor can they when combined be classed as a felony.

We hold that appellant was not entitled to a trial by jury. Finding no error, the judgment is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.