REED, Judge.
This is an appeal by the City of Fort Lauderdale from a final judgment in an action for a writ of prohibition.
The appellee, Eddie Byrd, Jr., filed a petition for a writ of prohibition in the Circuit Court for Broward County, Florida, on 18 November 1969. In his petition ap-pellee alleged that he had been arrested and charged in the Municipal Court of the City of Fort Lauderdale with violations of F.S.1969, sections 796.07, 796.01, and 796.-05, F.S.A., and- with contempt of court. The petition further alleges that Mr. Byrd had moved for a jury trial, but that the request had been denied by the Municipal Judge and that unless prohibited, the trial on all charges would take place in the Municipal Court of the City of Fort Lauder-dale on 19 November 1969. The City’s answer to the petition admitted that the petitioner was charged as alleged, but denied that the charges were violations of state law.
After hearing, the trial court on 29 December 1969 entered the final judgment prohibiting the Municipal Judge from trying the appellee on the aforesaid charges.[1]
There are only two issues of substance presented by this appeal. The first is whether the Municipal Court of the City of Fort Lauderdale has jurisdiction to try *496 the appellee for misdemeanors defined by F.S.1969, sections 796.05, 796.07, and 796.-01, F.S.A.
The second issue is whether the appellee may be tried on such charges and the contempt charge in the Municipal Court of the City of Fort Lauderdale without a jury where the maximum imprisonment for each charge does not exceed six months, but where the aggregate penalty for all of such charges could exceed six months imprisonment.
With respect to the first issue, it is established that a municipality with appropriate statutory power may by ordinance designate as an offense against the city any act made penal by the laws of the state. Theisen v. McDavid, 1894, 34 Fla. 440, 16 So. 321; State ex rel. Wilson v. Quigg, 1944, 154 Fla. 348, 17 So.2d 697, 700.[2] Although no question is raised regarding the statutory authority of the City of Fort Lauderdale to adopt by ordinance as offenses against the City misdemeanors proscribed by state law, we have reviewed the municipal charter and find that it provides ample authority to support such an adoption. By ordinance number 28-48 the City defined as municipal offenses all misdemeanors recognized by state law. The ordinance reads as follows:
“It shall be unlawful for any person to commit, within the corporate limits of the city, any act which is or shall be recognized by the laws of the state as a misdemeanor, and the commission of such acts is hereby forbidden. * * *”
Therefore, when the City charged the ap-pellee with violations of sections 796.07, 796.01, and 796.05, it in effect was charging him with ordinance violations. Under the charter of the City, section 128, the municipal court has ample power to try a person charged with violation of the City’s ordinances. See Ch. 63-1335, Section 32, Laws of Florida, Special Acts, 1963. We, therefore, conclude that the Municipal Court of the City of Fort Lauderdale has jurisdiction to try the appellee for the offenses defined by Florida Statutes, sections 796.05, 796.07, and 796.01, F.S.A.
With regard to the second issue, the Constitution of the State of Florida (1968 revision) provides in Article I, Section 16, F.S.A.:
“In all criminal prosecutions the accused shall, upon demand * * * have the right * * * to have a speedy and public trial by impartial jury * *
The constitutional guarantee which was brought forward from the preceding state constitution has been held not to require a trial by jury for violations of municipal ordinances. See Hilliard v. City of Gainesville, Fla.1968, 213 So.2d 689 (appeal dismissed, 393 U.S. 321, 89 S.Ct. 556, 21 L. Ed.2d 517).
The pertinent statute is Section 139 of the charter of the City of Fort Lauderdale, Chapter 67-1384, Laws of Florida, Special Acts, 1967. Section 139 expressly provides that trials in the municipal court shall be without jury.[3]
Since neither the Constitution of the State of Florida nor the pertinent statutes of the State of Florida require the City to provide the appellee with a jury trial, the next inquiry is whether or not a trial by jury is required by the Constitution of the United States. The Sixth Amendment to the United States Constitution says :
“In all criminal prosecutions, the accused shall enjoy the right to a speedy and *497 public trial, by an impartial jury of the State and district wherein the crime shall have been committed, * * *”
Although the language of the Sixth Amendment would seem clearly to apply only to the federal judiciary, the Sixth Amendment has been held to apply to the states through the due process clause of the Fourteenth Amendment. In the case of Duncan v. State of Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, the United States Supreme Court held that a person who was charged in a Louisiana state court with a simple battery which under the law of Louisiana was a misdemeanor punishable by a maximum of two years imprisonment and a $300.00' fine was entitled under the Sixth and Fourteenth Amendments to a trial by jury — even though the Constitution of Louisiana did not permit a jury trial for such an offense.
Significantly, however, the Supreme Court held that “petty offenses” are not subject to the Sixth Amendment jury trial provision. The Court did not precisely define what it meant by the term “petty offenses”, but did indicate approval of the federal standard which distinguishes offenses as petty or serious by classifying those punishable by no more than six months in prison and $500.00 fine as petty and those punishable by imprisonment for more than six months as serious. Apparently, however, in Baldwin v. State of New York, 1970, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437, the Supreme Court brought the issue to a close by deciding that a jury trial must be provided if the possible penalty exceeds six months imprisonment.
In the present case the penalty authorized by Section 15 (qq) of the charter of the City of Fort Lauderdale for each such offense with which the appellee was charged is ninety days and a $500.00 fine, Chapter 59-1281, Section I5(qq), Laws of Florida, Special Acts, 1959.[4] We, therefore, conclude that each offense with which the appellee was charged constitutes a petty offense not subject to trial by jury under the Sixth Amendment to the United States Constitution.
If the appellee were convicted of each offense charged and the maximum imprisonment were imposed for each such offense, the length of imprisonment would exceed six months. For purposes of classifying an offense as petty or serious, however, there is no reason to consider the aggregate penalty that might be imposed if other offenses are joined with it for trial purposes. If one offense is “petty” for purposes of the jury trial provisions of the Sixth Amendment, it does not become “serious” merely because it is tried in conjunction with other petty offenses. The joinder of offenses for purposes of trial is a procedural device designed to promote efficiency and convenience and has nothing to do with the nature of the individual offense as serious or petty. City of Monroe v. Wilhite, 1970, 255 La. 838, 233 So.2d 535; Savage v. District of Columbia, D.C.Mun.App.1947, 54 A.2d 562; State v. James, 1966, 76 N.M. 416, 415 P.2d 543; Scott v. District of Columbia, D.C. Mun.App.1956, 122 A.2d 579.
The appellee suggests that the case of James v. Headley, 5 Cir. 1969, 410 F.2d 325, 327, is to the contrary. James v. Headley, whatever else it might hold, does not hold that a Sixth Amendment right to jury trial exists for a person charged with a petty offense — whether such offense is tried separately or in combination with *498 other petty offenses. At page 327, the opinion in Headley states :
“* * * Cheff v. Schnackenberg (1966, 384 U.S. 373, 86 S.Ct. 1523, 16 L. Ed.2d 629) held that persons charged with petty offenses are not entitled to a jury trial. All members of the panel are in agreement with the foregoing * * * ”
James v. Headley dealt with the right to appointed counsel where the aggregate possible penalty for combined offenses exceeded six months. At page 333 of the opinion, the writer said:
"But even though the two rights derive from the same provisions of our Federal Constitution, they are not of equal significance when it comes to the matter of obtaining a fair trial. It is conceivable that a fair trial may be had before an impartial judge without a jury, but it is hardly conceivable that a person ignorant in the field of law can adequately defend himself without the assistance of counsel. Consequently, we do not consider the cases involving the right to a jury trial controlling in this area.”
By like reasoning, we do not believe that opinions dealing with the right to appointed counsel are controlling with respect to the right to jury trial.
In summary, we hold that the Municipal Court for the City of Fort Lauderdale has jurisdiction to try the offenses charged against the appellee and that a jury trial is not required to be offered in the Municipal Court by the Constitution or the pertinent statutes of the State of Florida, or by the Sixth Amendment to the United States Constitution. Because of the foregoing, we conclude that the trial court erred in prohibiting the appellee’s trial.
The final judgment in prohibition is hereby quashed.
McCAIN and OWEN, JJ., concur.

. The final judgment is entitled “Rule Absolute in Prohibition” and reads as follows:
“THIS CAUSE came on to be heard upon a Rule Nisi in Prohibition and the Court having heard arguments of counsel and considering the same, it is hereupon
“ORDERED and ADJUDGED that the Respondent be and is hereby prohibited from proceeding further in that cause entitled CITY OF FORT LAU-DERDALE, FLORIDA v. EDDIE BYRD, JR., Case Nos. R11462-3-4-5 in the said Court, and the Rule Nisi in Prohibition heretofore issued is thusly made absolute and the Respondent is prohibited from any further proceedings in those cases mentioned above, to-wit: CITY OF FORT LAUDERDALE, FLORIDA v. EDDIE BYRD, JR., Case Nos. RH462-3-4-5.”

. The wisdom of this practice may be seriously questioned in the light of the recent decision of the United States Supreme Court in the ease of Waller v. State of Florida, 1970, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435.

. Ch. 70-372, Laws of Florida, 1970, was not in effect at the time the appellee moved the Municipal Court for a jury trial or at the time the final judgment in prohibition was entered in this cause. Therefore, that statute is not pertinent to the issues before us. Our disposition of those issues, however, is without prejudice to whatever rights the appellee may have under that statute, and as to those rights we express no opinion.

. Under Section 144 of the City charter as amended by Section 11 of Ch. 69-1055, Laws of Florida, Special Acts, 1969, if the maximum penalty of ninety days and $500.00 is imposed by the Municipal Court, the $500.00 fine, if not paid, might be converted into 83% extra days of imprisonment. This would still not bring the total imprisonment for a single offense beyond the six month limit. But see Williams v. State of Illinois, 1970, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586.