545 P.2d 93

**In the Matter of William DOE, a child, Appellant,**

v.

**STATE of New Mexico, Appellee.**

**No. 2106.**

Court of Appeals of New Mexico.
Jan. 6, 1976.

John Ronald Boyd, Sanchez & Boyd, P. A., Santa Fe, for appellant.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Theodore E. Lauer, Lauer, & Lauer, Santa Fe, for Public Defender Dept., amicus curiae.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The petition in the Children's Court charged William Doe was a "juvenile delinquent" in that he committed the offense of reckless driving. The matter was heard before a "referee" who found William "guilty" of the matters stated in the petition, recommended a fine of $125.00 with $100.00 suspended. The trial court approved the referee's report and adopted the referee's findings and conclusions as the order of the court. William appeals.

We do not reach the various procedural issues raised by William and the amicus curiae. Nor do we consider whether the order of the trial court is a valid judgment because of absence of any findings as to whether William was in need of care or rehabilitation. Section 13–14–28(E) and (F), N.M.S.A.1953 (Repl.Vol. 3, Supp. 1973). Nor do we consider whether the Children's Court has any authority to impose a fine on a juvenile. See § 13–14–31, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973).

We dispose of the appeal on a jurisdictional ground.

The State asserts the petition was jurisdictionally defective because it does not allege that William was in need of care or rehabilitation. See *In Re Doe, III*, 87 N.M. 170, 531 P.2d 218 (Ct.App.1975). This argument overlooks the fact that the petition alleges William was a juvenile delinquent. This is an allegation that William was a delinquent child. Section 13–14–3(O), N.M.S.A.1953 (Repl.Vol. 3, Supp. 1973) defines delinquent child to mean a child who has committed a delinquent act and is in need of care or rehabilitation. *In the Matter of Jane Doe, a Child*, N.M. App., 542 P.2d 1195, decided November 12, 1975. The State's jurisdictional contention is without merit.

The jurisdictional defect is that, in this case, reckless driving is not a delinquent act wthin the original jurisdiction of the Children's Court. Section 13–14–3(N), N.M.S.A.1953 (Repl.Vol. 3, Supp. 1973) defines delinquent act as follows:

" 'delinquent act' means an act committed by a child, which would be designated as a crime under the law if committed by an adult, except for offenses under municipal traffic codes or the Motor Vehicle Code other than the following offenses when committed by a child who has not reached his fifteenth birthday:

\*    \*    \*    \*    \*    \*

"(3) reckless driving;"

Under the above-quoted provision, a delinquent act does not include reckless driving by a child who has reached his fifteenth birthday. The petition shows that William was fifteen years old at the time he drove recklessly.

There being no delinquent act charged, the Children's Court did not have original jurisdiction in this matter. We need not

consider in which court William could have been originally charged for the alleged reckless driving. See § 13–14–45, N.M.S.A.1953 (Repl.Vol. 3, Supp.1973).

The order of the trial court is reversed. The cause is remanded with instructions to dismiss the petition.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.