568 P.2d 612

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 2983.**

Court of Appeals of New Mexico.

Aug. 16, 1977.

Writ of Certiorari Denied Sept. 8, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

The child was adjudicated a delinquent child in need of care or rehabilitation. The Children's Court found the child to have intentionally received or retained stolen property contrary to § 40A–16–11(A), N.M. S.A.1953 (2d Repl.Vol. 6, 1972, Supp.1975) with a value of less than $100.00—a petty

misdemeanor. This was a delinquent act. Section 13–14–3(N), N.M.S.A.1953 (Repl. Vol. 3, pt. 1, 1976). Cf. *Doe v. State*, 88 N.M. 627, 545 P.2d 93 (Ct.App.1976). However, had the crime been committed by an adult, jurisdiction would have been in the magistrate court. Section 36–3–4, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972, Supp.1975). Further, an adult would have been entitled to a jury trial on the charge. Section 36–10–1, N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp. 1975).

The child's motion for a jury trial was denied. The sole issue on appeal is whether the child was entitled to a jury trial within the meaning of § 13–14–28(A), N.M.S.A. 1953 (Repl.Vol. 3, pt. 1, 1976) which states in part:

". . . A jury trial on the issues of alleged delinquent acts may be demanded . . . when the offense alleged would be triable by jury if committed by an adult. . . ."

■ We start with the premise that a jury trial in juvenile proceedings is not constitutionally mandated by the Sixth or Fourteenth Amendments. *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). However, states may require stricter constitutional standards. See *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

The child's reliance on *Peyton v. Nord*, 78 N.M. 717, 437 P.2d 716 (1968) is misplaced. *Peyton* dealt solely with charges which would be felonies if committed by an adult not petty misdemeanors. Further, although reference was made to *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) as possibly requiring a jury in misdemeanor cases, that reference will not withstand scrutiny in light of *McKeiver v. Pennsylvania*, supra.

■ The child seems to assert that he is entitled to a jury trial by virtue of our Constitution. N.M.Const., art. II, § 12 states in part:

"The right to trial by jury as it has *heretofore* existed shall be secured to all and remain inviolate." (Emphasis added)

This provision does not entitle the child to a jury trial. See *Hamilton v. Walker*, 65 N.M. 470, 340 P.2d 407 (1959). Compare *Guiterrez v. Gober*, 43 N.M. 146, 87 P.2d 437 (1939).

■ In view of the foregoing, which do not entitle the child to a jury trial, was it the legislative intent of § 13–14–28(A), supra, to grant the child a jury trial under the foregoing charge? The legislature is presumed not to have used any surplus words and each word has a meaning. *State v. Olive*, 85 N.M. 664, 515 P.2d 668 (Ct.App. 1973). If § 13–14–28(A), supra, is to be interpreted as meaning to cover instances of adults in magistrate court, then the entire phrase ". . . when the offense alleged would be triable by jury if committed by an adult . . ." would be superfluous. For the phrase to have any reasonable meaning it must be read in light of when an adult is entitled to have a jury trial in district court. To interpret otherwise would mean that a child would be entitled to a jury trial in all instances.

In reading the Act as a whole, § 13–14–1, et seq. N.M.S.A.1953 (Repl.Vol. 3, pt. 1, 1976), no other meaningful conclusion can be reached. Section 13–14–3(C), supra, defines *court* solely in terms of the children's court or family court division of the district court. Section 13–14–9, supra, places exclusive jurisdiction in the *court*. Section 13–14–45, supra, again speaks in terms of the district court having original jurisdiction or a discretionary transfer to the children's court.

A no less compelling reason is the policy considerations involved. For example, if a child committed a magistrate offense he would be entitled to a jury and if he committed the same offense contrary to a municipal ordinance he would not be entitled to a jury. If such were permitted, confusion would abound.

Accordingly, we hold that the phrase ". . . when the offense alleged would be triable by jury if committed by an adult . . ." to mean a district court offense.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.