697 P.2d 121

Peter VALLEJOS, et al.,
Petitioners-Appellants,

v.

Charles BARNHART, et al.,
Respondents-Appellees.

No. 15019.

Supreme Court of New Mexico.

March 19, 1985.

Ralph C. Binford, John L. Walker, Teel & Walker, P.A., Albuquerque, for petitioners-appellants.

Paul G. Bardacke, Atty. Gen., Santa Fe, Steven H. Schiff, Dist. Atty., Stephen A. Slusher, Deputy Dist. Atty., Albuquerque, for respondents-appellees.

## OPINION

WALTERS, Justice.

Defendants petitioned the district court for a writ of prohibition against various metropolitan court judges to curtail bench trials and require a jury trial in multiple offense cases for which, upon conviction, the aggregate sentences could equal or exceed 180 days. The district court denied the petition. Defendants appeal; we reverse.

Defendants are charged in metropolitan court with multiple traffic violations, including violations of NMSA 1978, Section 66–8–102 (Cum.Supp.1980 and Cum.Supp. 1981) (driving under the influence of intoxicating liquor or drugs) commonly referred to as the offense of "DWI." The initial charges against each of the defendants was for a second violation under Section 66–8–102, which authorizes "imprisonment for not less than ninety days nor more than one year." The State later filed motions to reduce the charges to first offense violations, which motions were granted. A first offense violation under Section 66–8–102 authorizes "imprisonment for not less than thirty days nor more than ninety days." Defendants were also charged, however, with one or more additional petty misdemeanors carrying penalties of up to ninety days. In each case, the metropolitan court granted the State's request for a bench trial, while denying defendant's request for jury trial.

Defendants then applied for a writ of prohibition in district court to prohibit non-jury trials in their respective metropolitan court cases. The district court issued an alternative writ, and briefs and stipulated facts were filed. After the district court heard oral arguments, it denied the petition and quashed the alternative writ.

Defendants claim on appeal that they are entitled to jury trials under the Sixth Amendment of the United States Constitution and under NMSA 1978, Subsection 34–8A–5(B) (Repl.Pamp.1981). It is their position that any interpretation of Subsection 34–8A–5(B) which denies them a jury trial also unconstitutionally denies them the right of equal protection, in that persons charged with the same violations can obtain jury trials in magistrate courts outside Bernalillo County under NMSA 1978, Section 35–8–1.

The New Mexico Constitution guarantees the "right to a trial by jury as it has heretofore existed." N.M.Const. art. 2, § 12. In *Hamilton v. Walker*, 65 N.M. 470, 340 P.2d 407 (1959), this Court held that a defendant had no constitutional right to a jury trial in a DWI prosecution (a petty offense with a maximum penalty at that time of 90 days and a fine). The court noted, however, that "the right [to jury trial] should be jealously guarded and preserved where the legislature sees fit to grant it in other and different cases [beyond the traditional, constitutionally-guaranteed cases]." *Id.* at 473, 340 P.2d 409.

In Subsection 34–8A–5(B), our legislature outlined the right to a jury trial as follows:

With respect to criminal actions:

(1) if the penalty does not exceed ninety days' imprisonment or if the penalty is a fine or forfeiture of a license, the action shall be tried by the judge without a jury;

(2) if the penalty exceeds ninety days' but does not exceed six months' imprisonment, either party to the action may demand a trial by jury. The demand shall be made orally or in writing to the court at or before the time of entering a plea or in writing to the court within ten days after the time of entering a plea. If demand is not made pursuant to this subsection, trial by jury is deemed waived; or

(3) if the penalty exceeds six months' imprisonment, the case shall be tried by jury unless the defendant waives a jury trial with the approval of the court and the consent of the state.

In the present appeal, each defendant faces a maximum possible aggregate penalty of 180 days or more. The State attempts to portray defendants' argument on appeal with respect to Subsection 34–8A–5(B) as a claim not made below and now improperly raised. Although defendants' argument is somewhat obscured by an inapplicable equal protection theme, we discern its thrust as a simple assertion that under the aggregation theory, Subsection 34–8A–5(B) affords the right to a jury trial to each defendant. We agree with defendants and hold that they are entitled to a jury trial under Subsection 34–8A–5(B), setting out our reasoning below. We do note, however, that contrary to the State's contention that this issue was never raised in the trial court, defendants specifically designated and briefed the issue in their petition for the alternative writ.

We are urged by the State that strict construction of the statute requires us to interpret "the penalty" in only the singular sense, rather than as reasonably including "aggregate penalty" within its meaning. As the State points out, this Court has said that under the rules of statutory construction, we "will not add words except where necessary to make the statute conform to the obvious intent of the legislature, or to prevent its being absurd." *State v. Nance,* 77 N.M. 39, 46, 419 P.2d 242, 247 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). The State omits to mention that in *Nance,* we went on to observe:

But where the language of the legislative act is doubtful or an adherence to the literal use of words would lead to injustice, absurdity or contradiction, the statute will be construed according to its obvious spirit or reason, even though this requires the rejection of words or the substitution of others.

*Id.*

We do not find it necessary to reject the words of Subsection 34–8A–5(B), but we do conclude that the intent behind the statute clearly requires that we interpret "the penalty" to refer to the potential *aggregate* penalty. We concur in the statement of the Court of Appeals in *State v. Haar,* 94 N.M. 539, 540, 612 P.2d 1350, 1351 (Ct.App.), *cert. denied,* 94 N.M. 674, 615 P.2d 991 (1980), *cert. denied,* 449 U.S. 1063, 101 S.Ct. 787, 66 L.Ed.2d 606 (1980), that "whenever a defendant is exposed to a term of confinement of over six months, he is entitled to a jury" (citing *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970)). In the present case, defendants manifestly are exposed to imprisonment of six months or more. Accordingly, we must interpret Subsection 34–8A–5(B) as providing the right to a jury trial under such circumstances.[1]

---

1. Should the trial judge place in the record prior to trial a declaration that no imprisonment, or imprisonment of less than 90 days, will be imposed upon a finding of guilt, then the provisions of Section 34–8A–5(B)(1) would control, and the jury trial required under either –5(B)(2) or –5(B)(3) would not apply. Under such a declaration by the judge, defendant would no longer be "exposed to a term on confinement of over six months," under *Baldwin,* supra, or a "penalty (that) exceeds ninety days' but does not

The State refers to *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), wherein the Supreme Court held that the Sixth Amendment right to a jury trial applies to the states with respect to serious crimes but not to petty offenses. The analyses of *Duncan*, as well as *Baldwin*, which focus on classifying an offense as serious or petty, is not directly applicable to the present case in that neither *Duncan* nor *Baldwin* involved a multiple-offense situation. Both cases are highly supportive of our decision, however, in that they state the most relevant criteria of the seriousness of an offense to be "the severity of the maximum authorized penalty." *Baldwin*, 339 U.S. at 68, 90 S.Ct. at 1888.

The United States Supreme Court has not yet applied the aggregate penalty theory beyond the criminal contempt area. *See Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). In light of our own concern regarding the actual total term of confinement to which a defendant is exposed, together with the provisions of our State constitution, we do not consider *Duncan* and *Baldwin* to be in conflict with the principle that the authorized *aggregate* penalty determines the existence of the right to a jury trial in a multiple-offense situation. *Accord Haar v. Hanrahan*, 708 F.2d 1547 (10th Cir.1983); *United States v. Potvin*, 481 F.2d 380 (10th Cir.1973). Because apparently there was no pre-trial determination of aggregate sentences of less than six months for any of the defendants, the objective-versus-subjective approach discussed by the 10th Circuit in *Haar* simply reinforces our resolution of this matter.

■ We hold, therefore, that because defendants face aggregate penalties of 90 days or more, they are either entitled to jury trial under Subsection 34–8A–5(B)(2) because demanded, or to be scheduled for jury trial under Subsection 34–8A–5(B)(3) because mandated by statute. The district court is reversed and the case is remanded

with directions to issue a permanent writ of prohibition in accordance with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, and RIORDAN, J., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent.

The aggregate penalty rule adopted by the majority is not supported by NMSA 1978, Subsection 34–8A–5(B) (Repl.Pamp. 1981), or the United States Supreme Court's decisions in *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

No common law right to a jury trial exists for petty offenses, *Duncan v. Louisiana*, 391 U.S. at 160, 88 S.Ct. at 1453, which is the rule under the New Mexico Constitution. *See* N.M. Const. art. II, sec. 12. Moreover, "[s]tatutes in derogation of the common law must be strictly construed." *State ex rel. Miera v. Chavez*, 70 N.M. 289, 291, 373 P.2d 533, 534 (1962). "We are not permitted to read into a statute language which is not there, particularly if it makes sense as written." *State v. Ellenberger*, 96 N.M. 287, 288, 629 P.2d 1216, 1217 (1981) (quoting *State ex rel. Barela v. New Mexico State Board of Education*, 80 N.M. 220, 222, 453 P.2d 583, 585 (1969)).

Subsection 34–8A–5(B) broadens the right to a jury trial in derogation of the common law beyond the six month period recognized in *Duncan* and *Baldwin* by establishing a right to a jury trial if the penalty exceeds ninety days. Thus, the statute should be strictly construed and the words chosen by the Legislature should be given their plain ordinary meaning. *State v. Ortiz*, 78 N.M. 507, 433 P.2d 92 (Ct. App.), *cert. denied* (1967). The majority opinion completely ignores the fact that Subsection 34–8A–5(B)(2) applies to individual offenses, not aggregate sentences, and

exceed six months' imprisonment * * *," under                    Subsection 5(B)(2).

442

completely ignores the legislative intent expressed in this section. If the Legislature intended "penalty" to mean "aggregate penalty," they would have made that meaning clear. The redefinition of the right to a jury trial under Subsection 34–8A–5(B) is more properly a task for the Legislature, not this Court.

The majority ignores this Court's prior rejection of the concept of aggregate offenses and penalties to obtain a jury trial. *See State v. James*, 76 N.M. 416, 415 P.2d 543 (1966). Instead, the majority cite *Haar v. Hanrahan*, 708 F.2d 1547 (10th Cir. 1983), as support for the aggregate penalty rule. However, the Tenth Circuit Court of Appeals in *Haar* recognized that the aggregate penalty rule was not "precisely squared with the Supreme Court's holdings in *Duncan* and *Baldwin*." *Id.* at 1553. Moreover, the aggregate penalty rule adopted by the Tenth Circuit Court of Appeals and the majority of this Court has absolutely no foundation in the common law of this State or of the United States. The aggregate penalty rule is a new judicial invention which erodes "the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive non-jury adjudications." *Duncan*, 391 U.S. at 160, 88 S.Ct. at 1453.

Subsection 34–8A–5(B) is proper under the New Mexico Constitution, and it is consistent with *Duncan* and *Baldwin*. Absent a basis for departure from the language of the statute and the decisions of the United States Supreme Court, I must dissent. I would affirm the district court.