781 P.2d 795

**STATE of New Mexico,
Petitioner–Appellee,**

v.

**BENJAMIN C., a Child,
Respondent–Appellant.**

**No. 11404.**

Court of Appeals of New Mexico.

Sept. 5, 1989.

Certiorari Granted Oct. 18, 1989.

**68**

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, Marc Gordon, Asst. Public Defender, Carlsbad, for respondent-appellant.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

OPINION

HARTZ, Judge.

The child appeals the children's court judgment that he had committed the charged offenses of Driving Under the Influence of Intoxicating Liquor (DWI), NMSA 1978, Section 66-8-102 (Supp.1988) and Minor Allowing Self to be Served Alcoholic Liquor, NMSA 1978, Sections 60-7B-1(B) and 60-7B-1.1 (Repl.Pamp.1987), and was a delinquent child in need of care and rehabilitation. The child raises three contentions: (1) the children's court erred in ruling that the initial stop of the child by the police was valid; (2) the evidence was insufficient to support the finding that the child allowed himself to be served alcohol in New Mexico; and (3) the children's court improperly denied the child a jury trial. We affirm on issue (1) and reverse on issues (2) and (3).

Shortly before 4:00 a.m. on September 2, 1988, a Carlsbad city police officer stopped the child, who was driving west through Carlsbad, for " 'violation of going through an intersection straight ahead with his turn signal on.' " After giving the child three field sobriety tests, the officer arrested him. The officer testified at trial that he did not know where the child had been drinking. The child is a resident of Carlsbad. From Carlsbad one can drive to Texas by going south about 35 miles or by going east about 75 miles. The child timely filed a demand for a jury trial, which the children's court denied.

LEGALITY OF THE STOP

■ The child argues that the officer's initial stop of him was invalid, because the officer did not have a reasonable suspicion that the child had been or was violating any state law or municipal ordinance at the time of the stop. *See State v. Galvan*, 90 N.M. 129, 560 P.2d 550 (Ct.App.1977). We view the evidence in the light most favorable to support the children's court's finding. *See id.* The officer's observations

entitled him to stop the child for careless driving. NMSA 1978, Section 66–8–114(B) (Repl.Pamp.1987) defines "careless driving" as operating a vehicle "in a careless, inattentive or imprudent manner." That definition encompasses driving straight through an intersection with one's turn signal on.

The child argues that the stop was unlawful because it was pretextual. He urges us to adopt the standard set forth in *United States v. Guzman*, 864 F.2d 1512 (10th Cir.1988), for determining whether a stop was pretextual: In the same circumstances would a reasonable police officer have made the stop in the absence of an invalid purpose? Under *Guzman*, " '[A] stop [i]s unreasonable not because the officer secretly hope[s] to find evidence of a greater offense, but because it [i]s clear that an officer would have been uninterested in pursuing the lesser offense absent that hope.' " *Id.* at 1517 (quoting *United States v. Smith*, 799 F.2d 704, 710 (11th Cir.1986)) (brackets in *Guzman* ). This court, however, has adopted a different test for determining whether a stop must be declared invalid on the ground that it was pretextual. In *State v. Mann*, 103 N.M. 660, 712 P.2d 6 (Ct.App.1985) we upheld a stop against a claim that it was pretextual, because the evidence supported the district court's finding that there was a valid basis for the stop.

In any case, the stop here should be upheld under both *Mann* and *Guzman.* The requirement of *Mann* is satisfied, because we have already determined that the children's court could have found that there was a valid basis for the stop. As for the *Guzman* test, the children's court could have found that a reasonable police officer would have stopped the child for careless driving. Indeed, we would expect that, late at night, when other duties are not pressing, an officer would stop anyone driving erratically. We note that the child has not suggested any ulterior purpose of the officer. Yet *Guzman* requires that it be clear that the stop would not have been made except for an ulterior purpose. The child's reasoning appears to be that the

stop must have been pretextual because there was no valid reason for the stop. We have ruled, however, that the officer had a lawful reason to stop the child. The officer's testimony is sufficient evidence to support the children's court's ruling upholding the stop.

## SUFFICIENCY OF THE EVIDENCE ON CHARGE OF MINOR ALLOWING SELF TO BE SERVED

The state bore the burden of proving beyond a reasonable doubt that the child was served alcohol *in New Mexico. See State v. Losolla*, 84 N.M. 151, 500 P.2d 436 (Ct.App.1972). In *Losolla* the defendant was convicted in Dona Ana County for unlawfully using heroin. We reversed because the record did not establish where the defendant used the drug. In the present case the state contends that it satisfied its burden with (1) the officer's testimony that he stopped the child in Carlsbad and (2) evidence that the child and his parents live in Carlsbad. We disagree, even though we "must view the evidence in a light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of a verdict of conviction." *State v. Lankford*, 92 N.M. 1, 2, 582 P.2d 378, 379 (1978).

*State v. Mirabal*, 108 N.M. 749, 779 P.2d 126 (Ct.App.1989), upon which the state relies, is readily distinguishable. In that case testimony described the site of the offense (a pharmacy) but no one explicitly testified where the pharmacy was. Other evidence, however, clearly implied that the pharmacy was in New Mexico. In contrast, there was absolutely no evidence in this case describing the site at which the child was served an alcoholic beverage. The evidence concerning where the child lived and where he was arrested is inadequate to establish beyond a reasonable doubt that he committed the offense in this state. *See State v. Losolla.* We reverse the finding that the child committed the offense of allowing himself to be served alcoholic liquor.

## RIGHT TO JURY TRIAL

Neither the federal Constitution nor the New Mexico Constitution confers the

right to a jury trial in a juvenile proceeding. *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *State v. Doe*, 90 N.M. 776, 568 P.2d 612 (Ct.App.1977). New Mexico, however, has provided a partial right by statute. NMSA 1978, Section 32–1–31(A) (Repl.1986) entitles a child to a jury trial "when the offense alleged would be triable by jury if committed by an adult."

▮ We construed Section 32–1–31(A) in *Doe*, in which the single delinquent act charged against the child was a petty misdemeanor. If an adult had committed the offense, the magistrate court would have had jurisdiction. NMSA 1978, § 35–3–4 (Repl.Pamp.1988). In all magistrate court actions, except those for contempt, the defendant has the right to a jury trial. NMSA 1978, § 35–8–1 (Repl.Pamp.1988). The child therefore argued that because an adult would have had the right to a jury if charged with that offense, he too had a right to a jury trial. *Doe*, however, reasoned that if the child's proposed interpretation of the statute were correct, then the words "when the offense alleged would be triable by jury if committed by an adult" would be superfluous; a juvenile would always have a right to a jury trial. The court concluded: "For the phrase to have any reasonable meaning it must be read in light of when an adult is entitled to have a jury trial in district court." *State v. Doe*, 90 N.M. at 777, 568 P.2d at 613.

The state focuses on the concluding sentence of the *Doe* opinion, which reads, "Accordingly, we hold that the phrase ' * * * when the offense alleged would be triable by jury if committed by an adult * * * ' to mean [sic] a district court offense." *Id.* Noting that *Doe* held that a petty misdemeanor was not such a "district court offense," the state then points out that both alleged offenses in this case are petty misdemeanors; the statutory maximum periods of imprisonment are ninety days for a first DWI conviction, Section 66–8–102, and six months for Minor Allowing Self to be Served Alcoholic Liquor, NMSA 1978, Section 60–7B–9 (Repl.Pamp.1987). The state cites as additional support the Committee

Commentary to the children's court rule on jury trial, SCRA 1986, 10–228. The commentary states that the rule "should not be construed as extending a right to trial by jury in cases where the delinquent act would have been a petty misdemeanor if committed by an adult." According to the state, one must conclude that a juvenile is not entitled to a jury trial on such charges.

The state's analysis errs, however, by focusing on each individual offense, rather than on the totality of the offenses charged against the child. Both *Doe* and the Committee Commentary to Rule 10–228 were written in the context of a single charged offense. As explained below, (1) we must apply Section 32–1–31(A) in light of *all* the offenses charged against him and (2) the right to a jury depends on the *aggregate* penalty for all the charged offenses.

First, we must read Section 32–1–31(A) in accordance with the legislative enactment on statutory interpretation, NMSA 1978, Section 12–2–2 (Repl.Pamp.1988), which reads in pertinent part:

> In the construction of constitutional and statutory provisions, the following rules shall be observed unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the constitutional provision or statute:
>
> \*   \*   \*   \*   \*   \*
>
> B. words importing the singular number may be extended to several persons or things * * *.

Thus, in the context of this case, we should read Section 32–1–31(A) as granting a jury trial "when the offense[*s* ] alleged would be triable by jury if committed by an adult."

Second, we examine how the right to a jury may be affected by the presence of multiple charges. Although it did not construe the statute involved in this case, *Vallejos v. Barnhart*, 102 N.M. 438, 697 P.2d 121 (1985) illustrates how we are to interpret statutes granting the right to a jury trial when a defendant faces more than one charge. *Vallejos* considered the statute providing for jury trials in metropolitan court, NMSA 1978, Section 34–8A–5(B) (Repl.Pamp.1981). The statute grants

rights to a jury trial depending on the maximum penalty for the offense. *Vallejos* held that the severity of the maximum authorized *aggregate* penalty for all the offenses charged against the defendant determines the scope of his or her statutory right to a jury trial. Although not expressly so holding, *Vallejos* intimated that the *constitutional* right to a jury trial also depends on the aggregate sentence to which a defendant is exposed. *Id.* at 440, 697 P.2d at 123.

Similarly, in applying Section 32–1–31(A) to a juvenile facing multiple charges, we should determine the right to a jury trial by looking at the maximum aggregate penalty that could be imposed on an adult facing those charges. In essence we treat the multiple charges as one aggregate offense and see if it is a "district court offense," that is, an offense for which "an adult is entitled to have a jury trial in district court." *State v. Doe*, 90 N.M. at 777, 568 P.2d at 613. This analysis combines the approach of *Vallejos* with the teaching of *Doe* that Section 32–1–31(A) "must be read in light of when an adult is entitled to have a jury trial in district court." *Id.*

In this case the state does not dispute that an adult would be entitled to a jury trial if facing two charges with the same penalties as the offenses on which the child was tried, since the maximum possible aggregate sentence exceeds six months. *See Haar v. Hanrahan*, 708 F.2d 1547 (10th Cir.1983); *Vallejos v. Barnhart.* We therefore hold that the child was entitled to a jury when he filed his timely demand for one.

Our calendar notices proposed the above rulings and that on remand the child be granted a jury trial on the remaining DWI charge. Although the state objected to our proposed rulings regarding (1) the sufficiency of the evidence and (2) the right to a jury trial on the two original charges, it did not address in either of its memoranda in opposition our proposed disposition of the case in the event that we did not change our view on proposed rulings (1) and (2). Because the state did not respond to that proposed disposition, we remand for a jury trial on the remaining DWI charge. The state's concession on this matter relieves us of having to decide the interesting question of whether the child would, in the absence of the concession, be entitled to a jury trial on remand of the DWI charge, even though he would not have been entitled to a jury if the DWI charge had been the only charge at the original trial.

The judgment is reversed and the case remanded for a jury trial on the DWI charge.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.